1  **GLANCY PRONGAY & MURRAY LLP**
   Robert Prongay (#270796)
2  Lionel Z. Glancy (#134180)
   Lesley F. Portnoy (#304851)
3  1925 Century Park East
   Los Angeles, CA 90067
4  Telephone: (310) 201-9150
   Facsimile: (310) 201-9160
5  rprongay@glancylaw.com

6

7  *[Proposed] Liaison Counsel for Lead Plaintiff Movant*
   [Additional Counsel on Signature Page]

8
                    **UNITED STATES DISTRICT COURT**
9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| STEVEN LAZAN, individually and on behalf of all others similarly situated, | Case No. 3:18cv00923-RS |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF GLOBIS CAPITAL ADVISORS L.L.C. FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF** |
| v. | |
| QUANTUM CORPORATION et al, | |
| Defendants. | |
| | Date: May 24, 2018<br>Time: 1:30 p.m.<br>Courtroom: 3 – 17th Floor<br>Judge: Hon. Richard Seeborg |
| ALEXANDER E. NABHAN, individually and on behalf of all others similarly situated, | Case No. 3:18cv00925-RS |
| Plaintiff, | |
| v. | |
| QUANTUM CORPORATION et al, | |
| Defendants. | |

**TO:      ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on May 24, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable Richard Seeborg, Courtroom 3-17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Globis Capital Advisors L.L.C. ("Movant") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (a) pursuant to Fed. R. Civ. P. 42 consolidating the above-captioned actions; (b) appointing Movant as Lead Plaintiff; (c) approving Movant's selection of Kirby McInerney LLP as Lead Counsel and Glancy Prongay & Murray as Liaison Counsel; and (d) such other and further relief as the Court may deem just and proper.  In support of this Motion, Plaintiff submits the accompanying Memorandum of Law, the Declaration of Lesley F. Portnoy, and a [Proposed] Order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Globis Capital Advisors L.L.C. ("Globis" or "Movant") respectfully submits this memorandum of law in support of its motion for: (i) consolidation of the above-captioned actions, (ii) Movant's appointment, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), as Lead Plaintiff for the proposed class in the above-captioned action, and (iii) the Court's approval of Movant's selection of the law firms of Kirby McInerney LLP as Lead Counsel for the proposed class and Glancy Prongay & Murray LLP to serve as Liaison Counsel.

The above-captioned action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") by Quantum Corporation ("Quantum" or "the Company") and Fuad Ahmad ("Ahmad"), Quantum's Chief Financial Officer, Executive Vice President, and Treasurer, Jon W. Gacek ("Gacek"), Quantum's former Chief Executive Officer, and Adalio Sanchez ("Sanchez"), Quantum's interim Chief Executive Officer (collectively with Quantum, "Defendants").  Movant is

a member of the proposed class of investors who purchased Quantum securities impacted by the Company's actions (the "Class") from July 27, 2016 through February 7, 2018 inclusive (the "Class Period"). During the Class Period, Movant purchased 54,815 shares of Quantum securities, with a total Class Period expenditure of $441,277.30, at prices that were artificially inflated by Defendants' misrepresentations, thereby suffering damages totaling $152,455.85 when shares are matched on a last-in, first-out basis ("LIFO"). *See* Ex. C to the accompanying Declaration of Lesley F. Portnoy, filed contemporaneously herewith ("Portnoy Decl.").

## I. FACTUAL BACKGROUND

Defendant Quantum sells scale-out tiered storage, archive, and data protection solutions for capturing, sharing, managing, and preserving digital assets in physical and virtual environments. Quantum offers storage file systems, nearline storage systems, backup and de-duplication appliances, tape libraries, and cloud services. Quantum is a Delaware corporation with its principal executive offices located at 224 Airport Parkway, Suite 550, San Jose, California 95110. The Company trades on the New York Stock Exchange under the ticker symbol "QTM."

On February 8, 2018, before trading began, Quantum disclosed that it had received a subpoena from the United States Securities and Exchange Commission ("SEC") on January 11, 2018 "regarding its accounting practices and internal controls related to revenue recognition for transactions commencing April 1, 2016." Quantum's audit committee commenced an internal investigation, which remains ongoing. Due to this investigation, the Company announced a delay in the release of its fiscal third quarter 2018 results and earnings call. On this news, Quantum's share price fell from $5.57 to $3.90, a decline of $1.67 (or 29.9%).

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Quantum's securities, Movant and other Class Members have suffered significant losses and damages.

**II.      ARGUMENT**

      **A.      The Actions Should be Consolidated for All Purposes**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, the court shall not [determine the most adequate plaintiff] until after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding appointment of a lead plaintiff for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered").

Consolidation is appropriate when the actions before the court involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Yanek v. Staar Surgical Co.*, No. 04 Civ. 8007, 2004 WL 5574358, at *3-4 (C.D. Cal. Dec. 15, 2004) (consolidating securities class actions).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions asserting claims against different defendants over different class periods).

The actions at issue here clearly involve common questions of fact and law. The actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements that artificially inflated the price of Quantum's common stock and subsequently damaged the Class when the truth was revealed.  The actions allege the same final corrective disclosure on February 8, 2018, and assert identical claims against almost all the same defendants related to the alleged fraud.  Both actions name Quantum, Gacek and Ahmad as Defendants.  One action (*Nebhan*) pleads a class period of May 10, 2016 through February 7, 2018,

and the other action (*Lazan*) pleads a class period of July 27, 2016 through February 7, 2018, which overlaps materially with and is subsumed entirely by the class period in *Nebhan*.

Consolidation of the actions is therefore appropriate. *See Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 11 Civ. 05235, 2012 U.S. Dist. LEXIS 21590, at *9-11 (N.D. Cal. Feb. 21, 2012) (consolidation is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *Weisz v. Calpine Corp.*, No. 02 Civ. 1200, 2002 WL 32818827, at *2 (N.D. Cal. Aug. 19, 2002) ("[C]ases should be consolidated where . . . there is more than one action on behalf of a class asserting substantially the same claim or claims") (internal quotes and citation omitted).

### B.   Movant Should be Appointed Lead Plaintiff

The PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for appointment of Lead Plaintiff). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members made within 60 days of a published notice of class action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

The PSLRA provides a "rebuttable presumption" that the most "adequate" Movant to serve as Lead Plaintiff is the class member that:

   (aa) has either filed the complaint or made a motion in response to a notice . . .;

   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-31 (9th Cir. 2002).

As set forth below, Movant is believed to have the largest financial interest in the relief sought in this action among all putative class members who have filed timely motions for Lead

Plaintiff appointment and otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

In addition, Movant has selected and retained experienced and competent counsel to represent it and the Class. As such, Movant is entitled to the presumption that it is the most adequate Movant to represent all Class Period purchasers of Quantum stock.

### C. Movant Is Making a Timely Motion in Response to the Statutory Notice

On February 13, 2018, counsel for the plaintiff in the above-captioned *Lazan* action caused a notice to be published on the *PR Newswire* service, pursuant to the PSLRA, announcing that a securities class action had been filed against Defendants herein, and advising purchasers of Quantum stock that they had until April 16, 2018 to file a motion to serve as Lead Plaintiff. *See* Portnoy Decl. Ex. A.[1]

Movant is filing the instant motion in a timely fashion and submits herewith a sworn certification attesting that it is willing to serve as a representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Portnoy Decl. Ex. B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

---

[1] The PSLRA provides that within 20 days after the date on which a class action is filed, the Movant shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported Movant class:

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

**D.     Movant Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA provides that the most adequate plaintiff is presumed to be the moving class member that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Movant purchased 54,815 shares of Quantum stock during the Class Period, with a total Class Period Expenditure of $441,277.30.  Movant's net class period expenditure was $282,929.21, and Movant's net shares purchased were 32,537.  *See* Portnoy Decl. Ex. C.  Movant's losses from its class period investments are $152,455.85, calculated on a last-in, first-out basis ("LIFO").  *Id.* Movant believes that its financial interest in the relief sought by the Class is greater than those of any other qualified movant seeking appointment as Lead Plaintiff.

**E.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Federal Rules of Civil Procedure 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.

*See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999) (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577 (N.D. Cal. 1999). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### 1. Movant's Claim Satisfies the Typicality Requirement

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims has the "same essential characteristics as the claims of the class at large." *Danis v. USN Commc'ns., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999) (citation omitted). *See In re Sterling Fin. Corp. Sec. Class Action*, 07 MDL 1879, 2007 WL 4570729, at *4 (E.D. Pa. Dec. 21, 2007) (noting that the "typicality requirement is satisfied if the plaintiff, as a result of the same course of conduct, suffered the same injuries as the absent class members, and their claims are based on the same legal issues"). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

In this case, the typicality requirement is met because the Movant's claims *are* identical to the claims of the other Class members. Movant and all the members of the Class purchased Quantum stock during the Class Period, at prices that were artificially inflated by Defendants' misrepresentations. Accordingly, Movant and the Class members suffered damages because of these purchases. Here, the legal and factual bases for the claims of Movant are typical of the

claims of the members of the Class, in that the Movant and other Class members must show: (1) whether the federal securities laws were violated by Defendants' acts; (2) whether statements made by Defendants to the investing public during the Class Period misrepresented or omitted material facts about Quantum's registered direct offering for Quantum securities; and (3) to what extent the members of the Class have sustained damages and the proper measure of damages.  Moreover, Movant acquired Quantum stock during the Class Period, at prices artificially inflated by Defendants' misrepresentations and omissions, and suffered damages thereby.  All other persons and entities who purchased Quantum stock during the Class Period overpaid as a result of the same misconduct that caused Movant's injuries.

Because Movant's claims and injuries arise from the same event or course of conduct that gave rise to the claims of other Class members, Movant satisfies Rule 23's typicality requirement.

### 2. Movant Will Fairly and Adequately Represent the Interests of the Class, and Is Not Subject to Unique Defenses

Rule 23's "adequacy requirement" is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Goldstein*, 827 F. Supp. 2d at 354 (citing *Foley*, 272 F.R.D. at 131); *see* Fed. R. Civ. P. 23(a)(4).  Accordingly,

> The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

*Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

Movant will fairly and adequately represent the interests of the proposed Class. Movant's interests are not antagonistic to those of the Class and are clearly aligned with its members' interests. As detailed above, Movant's claims share substantially similar questions of law and fact with the claims of members of the proposed Class, and Movant's claims are typical of the claims of members of the Class. Further, Movant has demonstrated its commitment to protecting the interests of the Class by signing a certification expressing willingness to serve as a Class representative and provide deposition and trial testimony, if necessary. *See* Portnoy Decl. Ex. B.

Globis is an institutional investor, and based upon its substantial financial interest, it is highly incentivized to maximize the recovery for putative class members harmed by Defendants' wrongdoing. As its Certification confirms, Globis is entirely typical and adequate to represent the putative class here. In addition, Movant has selected counsel that are highly experienced in prosecuting securities class actions to serve as Lead Counsel. *See* Portnoy Decl. Ex. D-E. Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of the action. Accordingly, Movant satisfies Rule 23's adequacy requirement.

### F.     Movant's Selection of Counsel Should be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected the law firms of Kirby McInerney LLP to serve as Lead Counsel for the proposed Class and Glancy Prongay & Murray LLP to serve as Liaison Counsel. Kirby McInerney LLP is highly experienced in the area of securities litigation and class actions. *See* Portnoy Decl. Ex. D. Kirby McInerney LLP has successfully prosecuted numerous securities

litigations and securities class actions on behalf of investors as detailed in the firm's resume. *See id*. Movant has also selected Glancy Prongay & Murray LLP, a firm located and practicing in this District with significant securities litigation experience. *See* Portnoy Decl. Ex. E.

### III. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court grant its motion requesting: (i) Movant's appointment pursuant to the PSLRA as Lead Plaintiff for the proposed Class in the above-captioned action, (ii) the Court's approval of Movant's selection of the law firms Kirby McInerney LLP as Lead Counsel for the proposed Class and Glancy Prongay & Murray as Liaison Counsel; and (iii) such other and further relief as the Court may deem just and proper.

DATED: April 16, 2018                          GLANCY PRONGAY & MURRAY LLP

*/s/ Robert Prongay*
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
1925 Century Park East
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com

*Proposed Liaison Counsel for Lead Plaintiff Movant and the Proposed Plaintiff Class*

KIRBY McINERNEY LLP
Ira M. Press
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
ipress@kmllp.com

*Proposed Lead Counsel for Lead Plaintiff Movant and the Proposed Plaintiff Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On April 16, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 16, 2018, at Los Angeles, California.

*s/ Robert V. Prongay*
Robert V. Prongay

# Mailing Information for a Case 3:18-cv-00923-RS Lazan v. Quantum Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Boris Feldman**
  boris.feldman@wsgr.com,ncarvalho@wsgr.com

- **Joel Anderson Fleming**
  joel@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Caz Hashemi**
  CHASHEMI@WSGR.COM,tbell@wsgr.com

- **Whitney E. Street**
  wstreet@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Jacob Allen Walker**
  jake@blockesq.com,4836372420@filings.docketbird.com,pacer-blockleviton-9062@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)