# EXHIBIT 1

1  Robert V. Prongay (#270796)
   Lionel Z. Glancy (#134180)
2  Lesley F. Portnoy (#304851)
   GLANCY PRONGAY & MURRAY LLP
3  1925 Century Park East, Suite 2100
   Los Angeles, California 90067
4  Telephone: (310) 201-9150
   Facsimile: (310) 432-1495
5  rprongay@glancylaw.com
   lportnoy@glancylaw.com
6
   *Liaison Counsel for Lead Plaintiff Globis Capital Advisors L.L.C.*
7  *and the Proposed Plaintiff Class*

8  [Additional Counsel on Signature Page]

9              **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
10

11
   STEVEN LAZAN,                              Case No.  3:18-cv-00923-RS
12
                        Plaintiff,            <u>**CLASS ACTION**</u>
13
   v.                                         **STIPULATION OF SETTLEMENT**
14
   QUANTUM CORPORATION, *et al.*,
15
                        Defendants.
16
   ALEXANDER E. NABHAN,
17
                        Plaintiff,
18
   v.
19
   QUANTUM CORP., *et al.*,
20
                        Defendants.
21

22

23

24

25

26

27

28

This Stipulation of Settlement (the "Stipulation"), dated June 28, 2019, is made and entered into by and between Lead Plaintiff Globis Capital Advisors L.L.C. ("Lead Plaintiff"), on behalf of itself and other Settlement Class members, and defendants Quantum Corporation ("Quantum" or the "Company"), Jon W. Gacek ("Gacek"), and Fuad Ahmad ("Ahmad") (collectively, "Defendants") (Lead Plaintiff and Defendants are referred to collectively as the "Parties" and each as a "Party") in the above-captioned action (the "Action")[1], by and through their respective counsel of record in the Action. This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), upon the terms and subject to the conditions hereof, and subject to the approval of the Court.

**WHEREAS:**

A.    On February 13, 2018, two class action complaints were filed in the United States District Court for the Northern District of California, styled *Lazan v. Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS (the "*Lazan* Action"), and *Nabhan v. Quantum Corp., et al.*, Case No. 3:18-cv-00925-WHA (the "*Nabhan* Action").

B.    On February 16, 2018, defendant Quantum filed an administrative motion to consider whether the *Lazan* and *Nabhan* Actions should be related and sought to have the *Nabhan* Action reassigned to this Court.  ECF No. 8.

C.    On February 26, 2018, the Court granted defendant Quantum's administrative motion to relate the *Lazan* Action and the *Nabhan* Action.  ECF No. 9.

D.    On May 16, 2018, the Court issued an Order: (1) consolidating the *Lazan* Action and *Nabhan* Action previously deemed "related"; (2) appointing Globis Capital Advisors L.L.C. as Lead Plaintiff for the consolidated action; and (3) appointing Kirby McInerney LLP as Lead Counsel for the proposed plaintiff class, and appointing Glancy Prongay and Murray LLP as Liaison Counsel.  ECF No. 40.

E.    On June 4, 2018, the Court issued an Order providing for, *inter alia*, Lead Plaintiff to file a consolidated complaint, which would then function as the operative complaint.

---

[1] All words and/or terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to those word and/or terms as set forth in ¶ 1 herein, under the heading "Definitions."

ECF No. 44.  On July 30, 2018, Lead Plaintiff filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws asserting claims under (1) Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants; and (2) Section 20(a) of the Exchange Act against defendants Gacek and Ahmad (collectively, the "Individual Defendants").  ECF No. 49.

F.     On September 24, 2018, the Parties filed a Stipulation and [Proposed] Order Setting Schedule for Filing of Amended Consolidated Complaint and Briefing Schedule for Responses to the Same, which stated, *inter alia*, that defendant Quantum announced, in a Form 8-K filed with the U.S. Securities and Exchange Commission (the "SEC") on September 14, 2018 (the "September 14 8-K"), that its Board of Directors concluded that Quantum's previously-issued consolidated financial statements and other financial data for specific periods should no longer be relied upon because of misstatements and that Quantum would file restated financial statements as soon as practicable.  ECF No. 50.   The Parties further stated that Lead Plaintiff anticipated filing an Amended Consolidated Complaint once defendant Quantum provided additional information regarding the misstatements, made consequent adjustments to its financial statements, and filed restated results (the "Restatement"). The Parties proposed a new briefing schedule for both the filing of the Amended Consolidated Complaint and Defendants' anticipated motion(s) to dismiss the Amended Consolidated Complaint.

G.     On September 25, 2018, the Court entered an Order approving the Parties' stipulation and setting forth the time at which Lead Plaintiff would file its Amended Consolidated Complaint along with a briefing schedule for Defendants' motion(s) to dismiss the Amended Consolidated Complaint.  ECF No. 51.

H.     On February 20, 2019, Lead Counsel and Defendants' Counsel met with Robert A. Meyer, Esq. of JAMS Mediation, Arbitration and ADR Services (the "Mediator"), in Los Angeles, California.  Mr. Meyer is experienced with mediating large, complex matters including securities class actions, and presided over a full-day mediation between the Parties.  The mediation was part of an effort to explore possibilities for settlement of the Action.  In advance of the February 20, 2019 mediation session, the Parties each submitted and exchanged mediation

statements outlining their respective analyses of the claims and defenses in this case. The session ended with a settlement proposal by the Mediator of $8.15 million, which both Parties accepted on February 22, 2019 (the "Accepted Proposal").

I.    The Parties also agreed to a process of informal discovery that would allow Lead Counsel to conduct due diligence and determine that the proposed Settlement is fair, reasonable and adequate. To this end, the Parties negotiated and agreed on the scope of Defendants' confirmatory discovery. *See* ¶¶ 43-44.

J.    The terms of the Accepted Proposal provided for, among other things, the Parties' agreement to settle and release all claims in return for a cash payment by or on behalf of Defendants in the amount of $8.15 million for the benefit of the Settlement Class subject to certain terms and conditions and the execution of a customary "long-form" stipulation and agreement of settlement and related papers – *i.e.*, the Stipulation herein.

K.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

L.    Lead Plaintiff, by and through Lead Counsel, has conducted a thorough investigation relating to the claims and underlying events and transactions of the Action. Based on their investigation, prosecution, and mediation of the Action, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (1) the financial benefit that members of the Settlement Class will receive under the proposed Settlement; and (2) the significant risks and costs of continued litigation and trial, including the risk that Settlement Class members could receive a lesser amount than the Settlement confers, or even nothing, if litigation of the Action were to continue. The factors that Lead Plaintiff considered in agreeing to settle the litigation include, among other things, the following facts and risks:

a.    Although Lead Plaintiff and Lead Counsel believe they would ultimately prevail on the claims, they recognize the significant risk that the operative complaint would be dismissed given the stringent requirements of the Private Securities Litigation Reform Act of 1995.

b.    Even if the operative complaint survived Defendants' dismissal motions, Lead Plaintiff would have faced numerous hurdles including at the class certification stage, during completion of fact and expert discovery, at summary judgment, trial and in subsequent appeals.

c.    Lead Plaintiff has determined that there are obstacles to establishing Defendants' liability and any damages.  These obstacles include, among other things:

i.    that Lead Plaintiff may be unable to prove that any materially inaccurate statements Defendants made concerning improper revenue recognition, which artificially inflated Quantum's reported revenues and earnings, were made with the requisite state of mind to support the securities fraud claim alleged;

ii.    that Lead Plaintiff may be unable to prove that some or all of the statements challenged in the operative complaint are actionable under the federal securities laws, or that Lead Plaintiff and members of the Settlement Class were damaged by those alleged statements; and

iii.    that the class proposed by Lead Plaintiff would not be certified, and/or that it might only be certified for part of the class period for which certification was sought.

M.    This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the burden, expense, uncertainty, distraction, and risk of further protracted litigation.

N.    Defendants have denied and continue to deny each and all of the claims, contentions, liability and damages alleged by Lead Plaintiff.

O.    This Stipulation, whether or not consummated, as well as any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated,

shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants with respect to: (1) any claim of any liability or damage whatsoever; or (2) any infirmity in any defense that the Defendants have or could have asserted.

## I.    TERMS OF THE STIPULATION

**NOW THEREFORE**, it is hereby **STIPULATED AND AGREED**, between Lead Plaintiff, on behalf of itself and the proposed Settlement Class, and Defendants, by and through their undersigned counsel, that the Action and the Released Claims shall be settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions hereafter set forth.

### A.    DEFINITIONS

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a)    "Action" means the above-captioned class action lawsuit, and includes all actions consolidated therein.

b)    "Authorized Claimant" or "Authorized Claimants" means a member of the Settlement Class who submits a timely and valid Proof of Claim and Release form to the Claims Administrator and whose proof of claim is not rejected.  Only those members of the Settlement Class filing valid and timely Proofs of Claim and Releases shall be entitled to receive any distributions from the Net Settlement Fund.

c)    "Claim" or "Claims" means a Proof of Claim and Release Form submitted to the Claims Administrator.

d)    "Claim Form" or "Proof of Claim and Release Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A (the proposed Preliminary Approval Order), that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

e)    "Claimant" means a Person who submits a Proof of Claim and Release Form to the Claims Administrator.

1    f) "Claims Administrator" means A.B. Data, Ltd., Inc., the firm retained by

2  Lead Plaintiff and Lead Counsel, subject to the approval of the Court, to provide all notices

3  approved by the Court to potential Settlement Class Members and to administer the Settlement.

4    g) "Class Distribution Order" means an order of the Court approving the

5  Claims Administrator's administrative determinations concerning the acceptance and rejection of

6  the Claims submitted and approving any fees and expenses not previously paid, including the

7  fees and expenses of the Claims Administrator and, if the Effective Date has occurred, directing

8  payment of the Net Settlement Fund to Authorized Claimants.

9    h) "Court" means the United States District Court for the Northern District of

10  California, San Francisco Division.

11    i) "Defendants" means, collectively, Quantum, and the Individual

12  Defendants.

13    j) "Defendants' Counsel" means the law firms of Wilson Sonsini Goodrich

14  & Rosati, P.C., as counsel to Quantum; Debevoise & Plimpton LLP, as counsel to defendant

15  Gacek; and Bruch Hanna LLP, as counsel to defendant Ahmad.

16    k) "Defendants' Released Parties" means Defendants, their present and

17  former parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors,

18  employees, agents, and any of their advisors, counsel, underwriters, insurers, co-insurers,

19  reinsurers, accountants, auditors, representatives, controlling persons, administrators, estates,

20  spouses, heirs, joint ventures, general or limited partners or partnerships, limited liability

21  companies and any trust of which any Individual Defendant is the settlor or which is for the

22  benefit of an Individual Defendant and/or any member of an Individual Defendant's Immediate

23  Family, and any entity in which a Defendant has a controlling interest (directly or indirectly)

24  (and the predecessors, successors, administrators and assigns of each of the foregoing).

25    l) "Effective Date" means the first date by which all of the conditions to the

26  Settlement specified in ¶ 34 of this Stipulation have been satisfied.

27

28

m)    "Escrow Account" means an interest bearing escrow account maintained at Citibank, N.A., wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

n)    "Escrow Agent" means Citibank, N.A.

o)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

p)    "Excluded Claim" or "Excluded Claims" means: (i) any claim(s) relating to the enforcement of the Settlement; or (ii) the claim(s) of any Person who submits a request for exclusion that is accepted by the Court.

q)    "Final" as used herein with respect to the Judgment means the date by which the Judgment shall have been entered by the Court and either: (i) the time for appeal from the Judgment has expired with no appeal taken; or (ii) if the Judgment is appealed, such appeal is dismissed or withdrawn, or the Judgment has been affirmed in all material respects and is no longer subject to further appeal or other review.  For purposes of this paragraph, an "appeal" shall include any petition for writ of certiorari or other writ that may be filed in connection with approval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation.

r)    "Immediate Family" or "Immediate Families" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

s)    "Individual Defendants" means Jon W. Gacek and Fuad Ahmad.

t)    "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

u)    "Lead Counsel" means the law firm of Kirby McInerney LLP.

1         v)     "Lead Plaintiff" means Globis Capital Advisors L.L.C.

2         w)     "Liaison Counsel" means the law firm of Glancy Prongay and Murray

3   LLP.

4         x)     "Litigation Expenses" means costs and expenses incurred in connection

5   with commencing, prosecuting, and settling the Action, which may include the costs and

6   expenses of Lead Plaintiff directly related to its representation of the Settlement Class, for which

7   Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

8         y)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii)

9   any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and

10  (iv) any attorneys' fees awarded by the Court.

11        z)     "Notice" means the Notice of (i) Pendency of Class Action, Certification

12  of Settlement Class, and Proposed Settlement; (ii) Settlement Hearing; and (iii) Motion for an

13  Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form

14  attached hereto as Exhibit 1 to Exhibit A, which, subject to approval by the Court, shall be made

15  available online at a website maintained by the Claims Administrator or mailed to Settlement

16  Class Members upon request.

17        aa)     "Notice and Administration Costs" means the costs, fees, and expenses

18  that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i)

19  providing notices to the Settlement Class; and (ii) administering the Settlement, including but not

20  limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with

21  the Escrow Account.

22        bb)     "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the

23  Settlement Class.

24        cc)     "Person" or "Persons" means an individual, corporation, partnership,

25  limited partnership, association, joint stock company, estate, legal representative, trust,

26  unincorporated association, government or any political subdivision or agency thereof, and any

27  business or legal entity and their spouses, heirs, predecessors, successors, representatives, or

28  assigns.

1    dd) "Plaintiffs" means all Settlement Class Members, including Lead Plaintiff.

2    ee) "Plaintiffs' Released Parties" means Lead Plaintiff, its respective

3 attorneys, each and every Settlement Class Member, and their respective current and former

4 officers, directors, agents, parents, affiliates, subsidiaries, heirs, successors, predecessors,

5 executors, administrators, assigns, assignees, employees, and attorneys, in their capacities as

6 such.

7    ff) "Plan of Allocation" means the proposed plan or formula for allocating the

8 Net Settlement Fund to Authorized Claimants as set forth in the Notice (attached hereto as

9 Exhibit 1 to Exhibit A).  Defendants shall have no responsibility or liability with respect to the

10 Plan of Allocation.

11    gg) "Postcard Notice" means the Postcard Notice of: (i) Pendency of Class

12 Action, Certification of Settlement Class, and Proposed Settlement; (ii) Settlement Hearing; and

13 (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses,

14 substantially in the form attached hereto as Exhibit 4 to Exhibit A, which is to be mailed to

15 Settlement Class Members.

16    hh) "Preliminary Approval Order" means the proposed order, substantially in

17 the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the

18 Settlement and directing that notice of the Settlement be provided to the Settlement Class.

19    ii) "Released Claims" means all Released Defendants' Claims and all

20 Released Plaintiffs' Claims.

21    jj) "Released Defendants' Claims" means all claims, rights, demands,

22 obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and

23 description, whether known or Unknown Claims (as defined below), whether arising under

24 federal, state, common or foreign law or regulation, that arise out of or relate in any way to the

25 institution, prosecution, assertion, settlement, or resolution of the Action insofar as it concerns

26 the purchase, other acquisition, sale, or other disposition of Quantum common stock during the

27 Settlement Class Period (as defined in ¶ 1(rr)), and/or the acts, facts, practices, SEC filings,

28 statements, or omissions that were or could have been alleged or asserted by Plaintiffs or any

1  member of the Settlement Class in the Action or in any other action in any court or forum,

2  including but not limited to the Restatement and the SEC subpoena to Quantum, disclosed in

3  Quantum's press release of February 8, 2018, relating to Quantum's financial reporting (the

4  "SEC Inquiry"). Released Defendants' Claims do not include: (i) claims to enforce the

5  Settlement; (ii) claims by Quantum, any of its current or former directors, officers, employees, or

6  any other Person for coverage under an insurance policy against the insurer(s) under such policy;

7  (iii) claims by any current or former directors, officers, or employees of Quantum to enforce any

8  rights to indemnification and advancement by Quantum; or (iv) claims of any Person that

9  submits a request for exclusion that is accepted by the Court.

10         kk)    "Released Plaintiffs' Claims" means all claims, rights and causes of

11  action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements,

12  promises, damages, and liabilities of every nature and description, whether known or Unknown

13  Claims (as defined below), whether arising under federal, state, common, or foreign law, that

14  Lead Plaintiff or any other member of the Settlement Class: (i) asserted in this Action; or (ii)

15  could have asserted in any forum that arise out of or are based upon the allegations, transactions,

16  facts, practices, SEC filings, matters or occurrences, representations or omissions involved, set

17  forth, or referred to in the complaints filed in this Action and that relate to the purchase of

18  Quantum common stock during the Settlement Class Period (as defined in ¶ 1(rr)), including but

19  not limited to the Restatement and the SEC Inquiry.  Released Plaintiffs' Claims do not include:

20  (i) claims to enforce the Settlement; or (ii) claims of any Person that submits a request for

21  exclusion that is accepted by the Court.

22         ll)    "Released Party" or "Released Parties" means each and any of the

23  Defendants' Released Parties and each and any of the Plaintiffs' Released Parties.

24         mm)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

25         nn)    "Settlement" means the settlement contemplated by this Stipulation.

26         oo)    "Settlement Amount" means $8,150,000 U.S. Dollars in cash.

27         pp)    "Settlement Class" means all Persons who purchased Quantum common

28  stock during the period from April 18, 2016 through February 8, 2018, inclusive (the Settlement

Class Period), and who were damaged thereby. Excluded from the Settlement Class are: Defendants; the officers and directors of Quantum at all relevant times, as well as members of their Immediate Families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any Persons who or which request exclusion from the Settlement Class, in accordance with the requirements set forth in the Notice, where such request is accepted by the Court.

qq)     "Settlement Class Member" means each Person who or which falls within the definition of "Settlement Class" set forth above in ¶ 1(pp).

rr)     "Settlement Class Period" means the period between April 18, 2016 through February 8, 2018, inclusive.

ss)     "Settlement Fund" means: (i) the Settlement Amount to be paid by or on behalf of the Defendants into the Escrow Account; and (ii) any and all interest earned thereon.

tt)     "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

uu)     "Stipulation" means this Stipulation of Settlement.

vv)     "Summary Notice" means the Summary Notice of: (i) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (ii) Settlement Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

ww)     "Supplemental Agreement" means the agreement executed by Lead Counsel and Defendants' Counsel simultaneously herewith and described in ¶ 40 of this Stipulation.

xx)     "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of

1  tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund,

2  including withholding taxes.

3        yy)    "Unknown Claims" means any Released Plaintiffs' Claims that any Lead

4  Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its

5  favor at the time of the release of the Defendants' Released Parties, and any Released

6  Defendants' Claims that any Defendant or any other Defendants' Released Party does not know

7  or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs' Released Parties,

8  and that, if known by him, her or it, would have materially affected his, her or its decision(s)

9  with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate

10  and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall

11  expressly waive, and each of the other Settlement Class Members and each of the other

12  Defendants' Released Parties shall be deemed to have waived, and by operation of the Judgment

13  shall have expressly waived, any and all provisions, rights, and benefits conferred by or under

14  California Civil Code §1542, or any law of any state or territory of the United States, or principle

15  of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code

16  §1542, which provides:

17
18    **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**
19
20
21

22  Lead Plaintiff, the other Settlement Class Members, the other Plaintiffs' Released Parties, the

23  Defendants, or the other Defendants' Released Parties may hereafter discover facts in addition to

24  or different from those which he, she, or it now knows or believes to be true with respect to the

25  subject matter of the Released Claims, but Lead Plaintiff and the Defendants shall expressly,

26  fully, finally and forever settle and release, and each other Settlement Class Member and each

27  other of Plaintiffs' Released Parties and Defendants' Released Parties shall be deemed to have

28  settled and released, and upon the Effective Date and by operation of the Judgment shall have

settled and released, fully, finally, and forever, any and all Released Claims as applicable,

1  without regard to the subsequent discovery or existence of such different or additional facts.

2  Lead Plaintiff and Defendants acknowledge, and each of the other Plaintiffs' Released Parties

3  and Defendants' Released Parties shall be deemed by operation of law to have acknowledged,

4  that the foregoing waiver was separately bargained for and a key element of the Settlement.

5  **B.    CLASS CERTIFICATION**

6  2.    Solely for purposes of the Settlement and for no other purpose, Defendants

7  stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and

8  23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class, as defined

9  above in ¶ 1(pp); (b) certification of Lead Plaintiff as Class Representative for the Settlement

10  Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant

11  to Rule 23(g) of the Federal Rules of Civil Procedure.

12  **C.    PRELIMINARY APPROVAL OF SETTLEMENT**

13  3.    Promptly upon execution of this Stipulation, Lead Plaintiff will move for

14  preliminary approval of the Settlement set forth in the Stipulation, approval for the mailing of the

15  Notice, approval of the publication of the Summary Notice, certification of the Settlement Class

16  for settlement purposes only, and the scheduling of the hearing for consideration of final

17  approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with

18  the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants

19  shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto

20  as Exhibit A.

21  **D.    RELEASE OF CLAIMS**

22  4.    The obligations incurred pursuant to this Stipulation are, subject to approval by

23  the Court and such approval becoming final, in consideration of: (a) the full and final disposition

24  of the Action with respect to Defendants' Released Parties and any and all Released Claims; and

25  (b) the Releases provided for herein.

26  5.    Pursuant to the Judgment, without further action by anyone, upon the Effective

27  Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf

28  of themselves and all other Plaintiffs' Released Parties, shall be deemed to have, and by

1  operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled,

2  released, resolved, relinquished, waived, discharged, and dismissed each and every Released

3  Plaintiffs' Claim against the Defendants and the Defendants' Released Parties, and shall forever

4  be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any

5  of the Defendants' Released Parties. This release shall not apply to any Excluded Claim.

6         6.    Pursuant to the Judgment, without further action by anyone, upon the Effective

7  Date of the Settlement, Defendants, on behalf of themselves and all other Defendants' Released

8  Parties, shall be deemed to have, and by operation of law and of the Judgment shall have, fully,

9  finally and forever compromised, settled, released, resolved, relinquished, waived and

10 discharged each and every Released Defendants' Claims against Lead Plaintiff and the other

11 Plaintiffs' Released Parties, and shall forever be barred and enjoined from prosecuting any or all

12 of the Released Defendants' Claims against any of the Plaintiffs' Released Parties. This release

13 shall not apply to any Excluded Claim.

14        7.    Notwithstanding ¶¶ 5-6 above, nothing in the Judgment shall bar any action by

15 any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

16        **E.**    **THE SETTLEMENT CONSIDERATION**

17        8.    Within twenty (20) business days after the Court enters preliminary approval of

18 this Settlement, Quantum shall transfer or cause its insurers to transfer the Settlement Amount to

19 the Escrow Account maintained by the Escrow Agent on behalf of Lead Plaintiff and the

20 Settlement Class, provided that, at least ten (10) business days before the Court enters

21 preliminary approval, Defendants' Counsel have received from Lead Counsel the information

22 necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions

23 that include the bank name, bank address, ABA routing number, account name and number,

24 SWIFT code, and a signed Internal Revenue Service W-9 form reflecting a valid taxpayer

25 identification number for the qualified settlement fund in which the Settlement Amount is to be

26 deposited.

27        9.    With the sole exception of the Defendants' obligation to cause the payment(s) into

28 the Escrow Account as provided for in ¶ 8, the Defendants, Defendants' Released Parties, and

1   Defendants' Counsel shall have no responsibility or liability with respect to the Escrow Account

2   or the monies maintained in the Escrow Account, including, without limitation, any

3   responsibility or liability related to any fees, Taxes, investment decisions, maintenance,

4   supervision, or distributions of any portion of the Settlement Amount.

5           **F.      USE OF SETTLEMENT FUND**

6           10.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and

7   Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys'

8   fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net

9   Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 22-33 below.

10          11.     Except as provided herein, or pursuant to orders of the Court, the Net Settlement

11  Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the

12  Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the

13  jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to

14  the terms of this Stipulation and/or further order of the Court.  Escrow Agent shall invest the

15  Settlement Amount exclusively in instruments or accounts backed by the full faith and credit of

16  the United States Government or fully insured by the United States Government or an agency

17  thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the

18  Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the

19  full faith and credit of the United States Government.

20          12.     The Parties agree to treat the Settlement Fund as a "qualified settlement fund"

21  within the meaning of Treasury Regulation § 1.468B-1 for all periods on and after the date of the

22  Court order preliminarily approving this Stipulation.  In addition, the Parties agree to treat Lead

23  Counsel as administrator of the Settlement Fund within the meaning of Treasury Regulation §

24  1.468B-2(k)(3), and Lead Counsel, or its designated agent, shall be solely responsible for filing

25  or causing to be filed all informational and other tax returns as may be necessary or appropriate

26  (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for

27  the Settlement Fund.  Lead Counsel, or its designated agent, should also be responsible for

28  causing payment to be made from the Settlement Fund of any Taxes owed with respect to the

1  Settlement Fund. The Defendants' Released Parties shall not have any liability or responsibility

2  for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the

3  statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the

4  Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make

5  such elections as are necessary or advisable to carry out this paragraph, including, as necessary,

6  making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause

7  the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take

8  or cause to be taken all actions as may be necessary or appropriate in connection therewith.

9        13. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the

10  Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement,

11  and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well

12  as the election set forth therein) shall be consistent with the previous paragraph and in all events

13  shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the

14  Settlement Fund as provided herein. In the event any Taxes are owed by any of the Defendants'

15  Released Parties on any interest earned on the funds on deposit in the Escrow Account, such

16  amounts shall also be paid out of the Escrow Account. The Defendants' Released Parties and

17  Defendants' Counsel shall have no responsibility or liability for the acts or omissions of Lead

18  Counsel or its agents with respect to the payment of Taxes, as described herein.

19        14. The Settlement is not a claims-made settlement. Upon the occurrence of the

20  Effective Date, no Defendant, Defendants' Released Party, or any other Persons who or which

21  paid any portion of the Settlement Amount shall have any right to the return of the Settlement

22  Fund or any portion thereof for any reason whatsoever, including without limitation, the number

23  of Claim Forms submitted, the collective amount of Recognized Claims of Authorized

24  Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized

25  Claimants from the Net Settlement Fund.

26        15. Notwithstanding the fact that the Effective Date of the Settlement has not yet

27  occurred, Lead Counsel may pay from the Settlement without further approval from Defendants

28  or further order of the Court, all Notice and Administration Costs actually incurred and paid or

payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Released Parties, or any other Persons who or which paid any portion of the Settlement Amount on their behalf.

### G.    ATTORNEYS' FEES AND LITIGATION EXPENSES

16.    Lead Counsel will apply to the Court for an award of attorneys' fees to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff, and Defendants will take no position on the fee and expense application. The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.

17.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment within thirty (30) days of the date that any condition to establishing the Effective Date has not occurred and shall not occur, or if the Court or any

1  appellate court enters an order reversing or reducing any award of attorneys' fees or litigation

2  expenses.

3       18.    The procedure for and the allowance or disallowance by the Court of any fee and

4  expense application are not part of the Settlement set forth in this Stipulation, and are separate

5  from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement

6  set forth in the Stipulation. An award of attorneys' fees and/or Litigation Expenses is not a

7  necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Any

8  order or proceeding relating to any fee and expense application, including an award of attorneys'

9  fees in an amount less than the amount requested by Lead Counsel, or any appeal from any order

10  relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the

11  Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the

12  Settlement set forth herein, including, but not limited to, the release, discharge, and

13  relinquishment of the Released Claims against the Defendants' Released Parties.

14       19.    With the sole exception of the Defendants making payment into the Escrow

15  Account as provided for in ¶ 8, neither Defendants nor any of the Defendants' Released Parties

16  shall have any responsibility for or liability with respect to any payment to Lead Counsel or any

17  other Plaintiffs' counsel, any Authorized Claimant, and/or any other Person who receives

18  payment from the Settlement Fund.

19       **H.    NOTICE AND ADMINISTRATION COSTS**

20       20.    All Notice and Administration Costs shall be paid from funds in the Settlement

21  Fund.  The Claims Administrator shall invoice only such Notice and Administration Costs as are

22  necessary and reasonable to provide Notice to the Settlement Class and to administer the

23  Settlement.  Upon instruction from Lead Counsel, the Escrow Agent is authorized to pay up to

24  two hundred and fifty thousand U.S. Dollars ($250,000) in invoices for Notice and

25  Administration Costs without further approval.  No further amounts may be transferred prior to

26  final approval except by Court order.  Lead Plaintiff, Lead Counsel, Defendants and Defendants'

27  Counsel shall not bear any liability for Notice and Administration Costs.

28

## I.    FINAL JUDGMENT APPROVING THE SETTLEMENT

21.    At the Settlement Hearing, the Parties shall jointly request entry of the Judgment as defined herein, and substantially in the form attached hereto as Exhibit B or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

## J.    ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF THE NET SETTLEMENT FUND

22.    As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Defendants' obligation to provide its securities holders records as provided in ¶ 23 below, none of the Defendants, nor any other Defendants' Released Parties, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any Person, including, but not limited to, Lead Plaintiff, any other Settlement Class Members, or Lead Counsel in connection with the foregoing.

23.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Claim Form online at www.quantumsecuritieslitigation.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  Defendants shall provide or cause to be provided to Lead Counsel or the Claims Administrator, at no cost to the Settlement Fund and no later than five (5) business days after entry of the Preliminary Approval Order, a list in electronic searchable form of the names and last known addresses of Quantum's shareholders of record during the Settlement Class Period.

1    Except for the Company's obligations arising under this paragraph, the Defendants' Released

2    Parties and Defendants' Counsel shall have no liability, obligation, or responsibility for the

3    administration of the Settlement, the allocation of the Net Settlement Fund, or reviewing or

4    challenging of claims of members of the Settlement Class. Lead Counsel shall be solely

5    responsible for designating the Claims Administrator, subject to approval by the Court.

6        24.    The Claims Administrator shall receive Claims and determine first, whether the

7    Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share

8    of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared

9    to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation

10    set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of

11    allocation as the Court approves).

12        25.    The Plan of Allocation proposed in the Notice is not a necessary term of the

13    Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation

14    that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel

15    may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any

16    appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in

17    this Action. Defendants and the other Defendants' Released Parties shall not object in any way to

18    the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other

19    Defendants' Released Parties, shall have any involvement with or liability, obligation or

20    responsibility whatsoever for the application of the Court-approved Plan of Allocation.

21        26.    Any Settlement Class Member who does not submit a valid Claim Form will not

22    be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound

23    by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be

24    entered in the Action and the releases provided for herein and therein, and will be permanently

25    barred and enjoined from bringing any action, claim, or other proceeding of any kind against the

26    Defendants' Released Parties with respect to the Released Plaintiffs' Claims in the event that the

27    Effective Date occurs with respect to the Settlement.

28

27.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Released Parties, shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

28.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim Form by such date may be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Released Parties with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim

1  Form shall be deemed to have been submitted on the date when actually received by the Claims

2  Administrator;

3        c)    Each Claim Form shall be submitted to and reviewed by the Claims

4  Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation

5  the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant

6  to subparagraph (e) below as necessary;

7        d)    Claim Forms that do not meet the submission requirements may be

8  rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall

9  communicate with the Claimant in writing, to give the Claimant the chance to remedy any

10  curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a

11  timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to

12  reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that

13  the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant

14  so desires and complies with the requirements of subparagraph (e) below; and

15        e)    If any Claimant whose Claim has been rejected in whole or in part desires

16  to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of

17  the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and

18  statement of reasons indicating the Claimant's grounds for contesting the rejection along with

19  any supporting documentation, and requesting a review thereof by the Court. If a dispute

20  concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the

21  request for review to the Court.

22        29.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

23  with respect to the Claimant's Claim, and the Claim will be subject to investigation and

24  discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation

25  and discovery shall be limited to that Claimant's status as a Settlement Class Member and the

26  validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this

27  Action or of the Settlement in connection with the processing of Claim Forms.

28

30.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

31.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Released Parties with respect to any and all of the Released Plaintiffs' Claims.

32.     No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Released Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

33.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly

waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**K.    SETTLEMENT CONDITIONS AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

34.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 40 below), and the time to do so has expired;

d)    Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation, and the time to do so has expired; and

e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

35.    Upon the Effective Date of the Settlement, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

36.    Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then:

a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

b)    Lead Plaintiff and Defendants shall revert to their respective litigation positions in the Action as of February 20, 2019, and the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.

c)     The terms and provisions of this Stipulation, with the exception of this ¶ 36 and ¶¶ 15, 17, 42 and 61, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

d)     The Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid or payable, and less any Taxes paid, due or owing with respect to accrued interest, shall be refunded by the Escrow Agent to Defendants (or such other Persons as Defendants may direct) within thirty (30) days of such cancellation or termination.

37.     Lead Plaintiff and Defendants shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties to this Stipulation within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve this Stipulation or any material part of it; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court.  The provisions of ¶ 36 above shall apply in such circumstances.  However, no order of the Court or any appellate court concerning the Plan of Allocation or Lead Counsel's fee and expense application or modifications or reversal on appeal of any such order shall constitute grounds for cancellation or termination of the Stipulation

38.     Upon the Effective Date, the obligation of the Claims Administrator and/or the Escrow Agent to return funds from the Settlement Fund to Defendants (or such other Persons as Defendants may direct) shall be absolutely and forever extinguished.

39.     Upon the Effective Date, Lead Plaintiff and Settlement Class Members who do not timely and validly request exclusion from the Settlement Class, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal

representatives, attorneys, agents, partners, successors, assigns, parents, subsidiaries, affiliates, members, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Parties from the Released Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of the Released Claims against any of the Released Parties directly, indirectly, or otherwise, whether or not such Lead Plaintiff or Settlement Class Members execute and deliver a Proof of Claim and Release Form to the Claims Administrator. Upon the Effective Date, Defendants also hereby release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any claim against Lead Plaintiff, Settlement Class Members or Lead Counsel related to this Action or the prosecuting thereof. Nothing contained herein shall, however, bar any action or claim to enforce the terms of this Settlement or the Judgment.

40.    Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a Supplemental Agreement regarding requests for exclusion ("Supplemental Agreement").  In addition to the grounds set forth in ¶ 37 above, the Supplemental Agreement sets forth certain conditions under which each of the Defendants shall have the unilateral option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Opt-Out Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and/or under seal and request that the Court afford it confidential treatment.

1

### L.    NO ADMISSION OF WRONGDOING

2    41.    The Parties hereto intend the Settlement as described herein to be a final and

3  complete resolution of all disputes between them with respect to the Action and entry in this

4  Settlement shall not be deemed an admission by any Plaintiff or Defendant as to the merits of

5  any claim or defense or any allegation made in the Action.

6    42.    Neither this Stipulation nor the Settlement, nor any act performed or document

7  executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be

8  deemed to be or may be used as an admission of, or evidence of, the validity or infirmity of any

9  Released Claim, or any allegation made in the Action or of any wrongdoing or liability of any of

10  the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or

11  evidence of, any liability, fault or omission of any of the Released Parties in any civil, criminal

12  or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or

13  may be deemed to be or may be used as an admission or evidence that Lead Plaintiff and the

14  Settlement Class members would have received less than the Settlement Amount had the Action

15  been prosecuted to conclusion.  Neither this Stipulation nor the Settlement, nor any act

16  performed or document executed pursuant to or in furtherance of this Stipulation or the

17  Settlement shall be admitted in any proceeding for any purpose, except to enforce the terms of

18  the Settlement, and except that any of the Released Parties may file this Stipulation and/or the

19  Judgment in any action that may brought against any of them in order to support a defense or

20  counterclaim based on principles of res judicata, collateral estoppel, release, good faith

21  settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion

22  or similar defense or counterclaim.

23

### M.    DUE DILIGENCE

24    43.    The Parties have conferred in good faith and agreed on an appropriate set of

25  documents to be produced to Lead Counsel, as reasonably necessary for Lead Counsel to

26  confirm in good faith that the Settlement is fair, reasonable, and adequate to the Settlement Class

27  (the "Confirmatory Discovery").

28

1  44.     Lead Counsel shall treat all documents produced as part of the Confirmatory

2  Discovery as confidential and subject to the mediation privilege, and shall not provide any part

3  of those documents to any other person. No Confirmatory Discovery or information contained in

4  Confirmatory Discovery may be used in any way whatsoever other than to evaluate whether the

5  Settlement is fair, reasonable, and adequate to the Settlement Class. Lead Counsel shall return

6  and/or destroy all Confirmatory Discovery (including all copies) pursuant to the terms of a

7  confidentiality agreement entered between Quantum, Lead Plaintiff, and Lead Counsel.

8       **N.      NOTICE AS REQUIRED BY CAFA**

9  45.     Defendants shall be responsible for timely service of any notices that might be

10  required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715. Defendants shall provide a

11  copy of such notices as well as proof of service of such notices to Lead Counsel. In accordance

12  with 28 U.S.C. § 1715(d), the Settlement Hearing shall not be held earlier than ninety (90) days

13  after any such requisite notices are served.  Defendants shall bear all costs and expenses

14  associated with providing CAFA notice.

15      **O.      MISCELLANEOUS PROVISIONS**

16  46.     The Parties hereto: (a) acknowledge that it is their intent to consummate the

17  Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to

18  effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise

19  their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the

20  Stipulation.

21  47.     All of the exhibits attached hereto and the Supplemental Agreement are material

22  and integral parts hereof and are hereby incorporated by reference as though fully set forth

23  herein.

24  48.     This Stipulation may be amended or modified only by a written instrument signed

25  by counsel for all Parties hereto or their successors in interest.

26  49.     This Stipulation, exhibits attached hereto, and the Supplemental Agreement

27  constitute the entire agreement between Plaintiffs on the one hand, and Defendants on the other

28  hand, and supersede any and all prior agreements, written or oral, between the Parties.  No

1  representations, warranties or covenants have been made concerning this Stipulation or its

2  exhibits other than the representations, warranties and covenants contained and memorialized in

3  such documents.

4      50.   This Stipulation may be executed in one or more counterparts, including by

5  signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.

6  All executed counterparts and each of them shall be deemed to be one and the same instrument.

7  Counsel for the Parties hereto shall exchange among themselves signed counterparts and a

8  complete set of executed counterparts shall be filed with the Court.

9      51.   This Stipulation shall be binding upon and inure to the benefit of the successors

10  and assigns of the Parties, including any and all Released Parties and any corporation,

11  partnership, or other entity into or with which any Party hereto may merge, consolidate, or

12  reorganize.  No assignment shall relive any Party hereto of obligations hereunder.

13      52.   The construction, interpretation, operation, effect and validity of this Stipulation,

14  the Supplemental Agreement and all documents necessary to effectuate it shall be governed by

15  the internal laws of the State of California without regard to conflicts of laws, except to the

16  extent that federal law requires that federal law govern.

17      53.   The Parties intend this Stipulation and the Settlement to be a final and complete

18  resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other

19  Settlement Class Members against the Defendants' Released Parties with respect to the Released

20  Plaintiffs' Claims. Accordingly, Lead Plaintiff and his counsel and Defendants and their counsel

21  agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by

22  Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any

23  violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution,

24  prosecution, defense, or settlement of this Action. The Parties agree that the amount paid and the

25  other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties,

26  and reflect a settlement that was reached voluntarily after consultation with experienced legal

27  counsel, and with the assistance of an experienced mediator, Robert Meyer, Esq.

28

54.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

55.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

56.     Lead Counsel, on behalf of the Settlement Class Members, warrants and represents that it is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class Members pursuant to the Stipulation to effectuate its terms and also is expressly authorized by Lead Plaintiff to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class Members that it deems appropriate.

57.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, represent and warrant that they have the full authority to do so on behalf of their respective clients and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

58.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| **Notice to Plaintiffs:** | **Notice to Defendants:** |
| Ira M. Press | Boris Feldman |
| Christopher Studebaker | WILSON SONSINI GOODRICH & ROSATI |

KIRBY McINERNEY LLP
250 Park Avenue, Suite 820
New York, NY 10177
Telephone: (212) 371-6600
Facsimile: (212) 699-1194
Email: ipress@kmllp.com
          cstudebaker@kmllp.com

P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email:  boris.feldman@wsgr.com


Jonathan R. Tuttle
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 383-8000
Facsimile: (202) 383-8118
Email: jrtuttle@debevoise.com


Gregory S. Bruch
Sandra M. Hanna
BRUCH HANNA LLP
1099 New York Ave.,  NW, Suite 500
Washington, DC  20001
Telephone: (202) 969-1631
Facsimile: (202) 969-1625
Email: GBruch@bruch-hanna.com
          SHanna@bruch-hanna.com

59.    Except as otherwise provided herein, each Party shall bear its own costs.

60.    The headings herein are used for the purpose of convenience and are not intended to have legal effect.

61.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information, including the confidentiality of documents and information produced in discovery, shall survive this Settlement.

62.    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

1   **IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed by

2   their duly authorized attorneys, as of June 28, 2019.

3

4                                    KIRBY McINERNEY LLP

5

6                                    By: _____
                                            Ira M. Press

7                                    250 Park Avenue, Suite 820

8                                    New York, New York 10177
                                     Telephone: (212) 371-6600

9                                    Facsimile: (212) 699-1194
                                     Email: ipress@kmllp.com

10
                                     *Lead Counsel for Lead Plaintiff and the Settlement*

11                                   *Class*

12                                   WILSON SONSINI GOODRICH & ROSATI P.C.

13

14

15                                   By: _____  (AJ with permission
                                            Boris Feldman

16

17                                   650 Page Mill Road
                                     Palo Alto, CA 94304-1050

18                                   Telephone: (650) 493-9300
                                     Facsimile: (650) 565-5100

19                                   Email: boris.feldman@wsgr.com

20                                   *Attorneys for Defendant Quantum Corporation*

21

22                                   DEBEVOISE & PLIMPTON LLP

23

24                                   By: _____
                                            Jonathan R. Tuttle

25                                   801 Pennsylvania Avenue N.W.
                                     Washington, D.C. 20004

26                                   Telephone: (202) 383-8000
                                     Facsimile: (202) 383-8118

27                                   Email: jrtuttle@debevoise.com

28                                   *Attorneys for Defendant Jon W. Gacek*

    STIPULATION OF SETTLEMENT                  -32-
    CASE NO. 3:18-cv-00923-RS

1  **IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed by

2  their duly authorized attorneys, as of June __, 2019.

3
                                                KIRBY McINERNEY LLP
4

5

6                                               By: _____
                                                        Ira M. Press
7
                                                250 Park Avenue, Suite 820
8                                               New York, New York 10177
                                                Telephone: (212) 371-6600
9                                               Facsimile: (212) 699-1194
                                                Email: ipress@kmllp.com
10
                                                *Lead Counsel for Lead Plaintiff and the Settlement*
11                                              *Class*

12                                              WILSON SONSINI GOODRICH & ROSATI P.C.

13

14

15                                              By: _____
                                                        Boris Feldman
16
                                                650 Page Mill Road
17                                              Palo Alto, CA 94304-1050
                                                Telephone: (650) 493-9300
18                                              Facsimile: (650) 565-5100
                                                Email: boris.feldman@wsgr.com
19
                                                *Attorneys for Defendant Quantum Corporation*
20

21

22                                              DEBEVOISE & PLIMPTON LLP

23

24                                              By: _____
                                                        Jonathan R. Tuttle
25
                                                801 Pennsylvania Avenue N.W.
26                                              Washington, D.C. 20004
                                                Telephone: (202) 383-8000
27                                              Facsimile: (202) 383-8118
                                                Email: jrtuttle@debevoise.com
28
                                                *Attorneys for Defendant Jon W. Gacek*

BRUCH HANNA LLP

By: *Sandra Hanna* / With Permission NRM

Sandra M. Hanna

1099 New York Ave.,  NW, Suite 500
Washington, DC  20001
Telephone: (202) 969-1631
Facsimile: (202) 969-1625
Email: SHanna@bruch-hanna.com

*Attorneys for Defendant Fuad Ahmad*

| | |
|---|---|
| 1 | Robert V. Prongay (#270796) |
| 2 | Lionel Z. Glancy (#134180) |
| | Lesley F. Portnoy (#304851) |
| 3 | GLANCY PRONGAY & MURRAY LLP |
| | 1925 Century Park East, Suite 2100 |
| 4 | Los Angeles, California 90067 |
| | Telephone: (310) 201-9150 |
| 5 | Facsimile: (310) 432-1495 |
| | rprongay@glancylaw.com |
| 6 | lportnoy@glancylaw.com |

**EXHIBIT A**

Robert V. Prongay (#270796)
Lionel Z. Glancy (#134180)
Lesley F. Portnoy (#304851)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495
rprongay@glancylaw.com
lportnoy@glancylaw.com

*Liaison Counsel for Lead Plaintiff Globis Capital Advisors L.L.C.*
*and the Proposed Plaintiff Class*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN LAZAN,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUM CORPORATION, *et. al.*,<br><br>Defendants. | Case No.  3:18-cv-00923-RS<br><br>Hon. Richard Seeborg<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| ALEXANDER E. NABHAN,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUM CORP., *et al.*,<br><br>Defendants. | |

1

1    WHEREAS, a consolidated class action is pending in this Court entitled *Lazan, et al. v.*

2  *Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS (the "Action");

3    WHEREAS, (a) Lead Plaintiff Globis Capital Advisors L.L.C., on behalf of itself and the

4  putative Settlement Class (defined below), and (b) Defendants Quantum Corporation

5  ("Quantum"), Jon W. Gacek ("Gacek"), and Fuad Ahmad ("Ahmad") (collectively, "Settling

6  Defendants"; and, together with Lead Plaintiff, the "Parties"), have determined to settle all

7  claims asserted or that could have been asserted against Settling Defendants in this Action with

8  prejudice on the terms and conditions set forth in the Stipulation of Settlement dated June 28,

9  2019 (the "Stipulation") subject to approval of this Court (the "Settlement");

10    WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal

11  Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with

12  the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing

13  notice to Settlement Class Members as more fully described herein; and

14    WHEREAS, the Court has read and considered: (a) Lead Plaintiff's unopposed motion

15  for preliminary approval of the Settlement, and the papers filed and arguments made in

16  connection therewith; and (b) the Stipulation and the exhibits attached thereto;

17    **NOW THEREFORE, IT IS HEREBY ORDERED:**

18    1.    The terms of the Stipulation are hereby preliminarily approved, subject to further

19  consideration at the Settlement Hearing provided for below.

20    2.    Capitalized terms used in this Order that are not otherwise defined herein have the

21  meanings assigned to them in the Stipulation. The Court concludes that the Settlement is

22  sufficiently within the range of reasonableness to warrant the dissemination of mailed notice to

23  Class Members, as provided for in this Order.

24    3.    The Court hereby stays the Action pending in this Court and enjoins the initiation

25  of any new litigation by any Settlement Class Member in any court, arbitration or other tribunal

26  that includes any Released Claims (as defined in the Stipulation) against any of the Released

27  Parties.

28                                                    2

4.     **Class Certification for Settlement Purposes** - Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all Persons[1] who purchased Quantum common stock during the period from April 18, 2016 through February 8, 2018, inclusive (the "Settlement Class Period"), and who were damaged thereby.  Excluded from the Settlement Class are: Defendants; the Officers and directors of Quantum at all relevant times, as well as members of their Immediate Families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any Persons who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

5.     **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

6.     The Court hereby finds and concludes that, pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, Lead Plaintiff is an adequate class representative and certifies it as Class Representative for the Settlement Class.

---

[1] "Person" or "Persons" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

3

The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

8.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 201_ at __:__ __.m. [approximately 105 days from the date of this Preliminary Approval Order]  in Courtroom 3, 17th Floor, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 12 of this Order.

9.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

10.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise

4

and administer the notice procedure in connection with the proposed Settlement as well as the

processing of Claims as more fully set forth below.

11.    The Court approves the use and disbursement of up to $250,000 from the

Settlement Fund to pay the reasonable fees and expenses incurred by, and the reasonable fees

charged by, the Claims Administrator in connection with the administration and notice of the

Settlement, including the costs of providing notice as specified in this Order. The Court

authorizes payment out of the Settlement Fund of all taxes and tax expenses described in section

I.F of the Stipulation.

12.    Notice of the Settlement and the Settlement Hearing shall be given by Lead

Counsel as follows:

a.    not later than five (5) business days after entry of this Order, Quantum

shall provide or cause to be provided to Lead Counsel or the Claims Administrator in electronic,

searchable format (at no cost to the Settlement Fund, Lead Counsel, or the Claims

Administrator) a list of Quantum's shareholders of record during the Settlement Class Period;

b.    not later than fifteen (15) calendar days following receipt of the transfer

records report pursuant to paragraph 12(a) above (the "Notice Date"), the Claims Administrator

shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4,

to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth

in the records provided by Quantum or in the records which Quantum caused to be provided, or

who otherwise may be identified through further reasonable effort;

c.    not later than five (5) business days after receipt of a request for a copy of

the Notice, the Claims Administrator or Lead Plaintiff's Counsel shall cause a copy of the

Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail,

postage prepaid, or emailed to any putative Settlement Class Members that make such a request;

d.    contemporaneously with the mailing of the Postcard Notice, the Claims

Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms

5

attached hereto as Exhibits 1 and 2, respectively, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

e.      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the PR Newswire; and

f.      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

13.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 12 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the

6

Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

14. **Nominee Procedures** – Brokers and other nominees who purchased Quantum common stock during the Settlement Class Period for the benefit of another Person shall (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in complying with this Order, up to a maximum of $0.70 per notice mailed or $.10 per name and address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

15. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a valid Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be delivered or postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, advise the Claims Administrator to accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a Person

shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

16.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the Person executing the Claim Form is acting in a representative capacity, a certification of that Person's current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

17.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Released Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 15 above.

18.     **Request for Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must

request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: Quantum Securities Litigation, Case No. 3:18-cv-00923-RS, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217 and (b) each request for exclusion must (i) state the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such Person "requests exclusion from the Settlement Class in *Lazan, et al. v. Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS"; (iii) state the number of Quantum common stock shares that the Person requesting exclusion purchased and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase and sale; and (iv) be signed by the Person requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

19.    Any Person who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

20.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released

9

Plaintiffs' Claims against any of the Defendants' Released Parties, as more fully described in the Stipulation and Notice.

21.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court a notice of appearance such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not request exclusion from the Settlement Class and does not enter an appearance will be represented by Lead Counsel.

22.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Person has filed a written objection with the Court such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

23.     Any objections, filings, and other submissions by a Settlement Class Member in accordance with paragraph 21 must: (a) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (b) clearly identify the case name and number (*Lazan, et al. v. Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS); (c) provide a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) provide documents sufficient to prove membership in

10

the Settlement Class, including the number of Quantum common stock shares that the objecting Settlement Class Member purchased and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase and/or sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

24.     Any Settlement Class Member who neither requests exclusion from the Settlement Class nor makes his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

25.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

26.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

27.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all

11

obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

28.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 20, 2019, as provided in the Stipulation.

29.     **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto, and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or any other of Plaintiffs' Released Parties, or the validity of any claim that was or could have been asserted against any of the Defendants' Released Parties, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind with respect to any of the Defendants' Released Parties, or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Released Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties that any of their claims are without merit, that any of the Defendants' Released Parties

had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

30.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

31.    **CAFA Notice** – Defendants shall file the notices described by the Class Action Fairness Act, 28 U.S.C. § 1715, within the time periods set forth in that statute.

32.    The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed by the Settling Parties, if appropriate, without further notice to the Class.

SO ORDERED this _____ day of _____, 201_.


_____
The Honorable Richard Seeborg
United States District Judge

13

EXHIBIT A-1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LAZAN, | Case No.  3:18-cv-00923-RS |
| Plaintiff, | Hon. Richard Seeborg |
| v. | Class Action |
| QUANTUM CORPORATION, *et. al.*, | |
| Defendants. | |
| ALEXANDER E. NABHAN, | |
| Plaintiff, | |
| v. | |
| QUANTUM CORP., *et al.*, | |
| Defendants. | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

***A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California, San Francisco Division (the "Court"), if, during the period between April 18, 2016 through February 8, 2018, inclusive (the "Settlement Class Period"), you purchased common stock of Quantum Corporation ("Quantum"), and you were injured thereby.[1]

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated June 28, 2019 (the

1

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff, Globis Capital Advisors L.L.C. ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 20 below), have reached a proposed settlement of the Action for $8,150,000 in cash that, if approved, will resolve all claims, whether known or unknown, in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Quantum, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 79 below).**

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 201_.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 29 below) that you have against Defendants and the other Defendants' Released Parties (defined in ¶ 30 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 201_.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Released Parties concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT OR THE REQUEST FOR FEES AND EXPENSES BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, among others, you may write to the Court and explain why you do not like them. You |

"Stipulation"), which is available at www.quantumsecuritieslitigation.com

2

| | |
|---|---|
| **LATER THAN _____, 201_.** | cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 201_ AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 201_.** | Filing a written objection and notice of intention to appear by _____, 201_ allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants Quantum Corporation ("Quantum"), Jon W. Gacek ("Gacek"), and Fuad Ahmad ("Ahmad") (collectively, the "Defendants") violated the federal securities laws as a result of improper revenue recognition that artificially inflated Quantum's reported revenues and earnings.  A more detailed description of the Action is set forth in ¶¶ 11-19 below.  The proposed Settlement, if approved by the Court, will settle all claims, both known and unknown, of the Settlement Class, as defined in ¶ 20 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $8,150,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be

3

allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimates of the number of shares of Quantum common stock publicly traded on the New York Stock Exchange ("NYSE") purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is $0.48. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, (a) the number of Settlement Class Members who file claims, (b) the number of shares of Quantum common stock Settlement Class Members purchased and sold during the Settlement Class Period, and (c) when and at what prices they purchased or sold shares of Quantum common stock during the Class Period. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Defendants disagree with Lead Plaintiff concerning the number of allegedly damaged shares and the amount of per-share recoverable damages in the event that Lead Plaintiff was to prevail in this Action. Defendants also maintain that they committed no violation of the federal securities laws.

5. **Attorneys' Fees and Expenses Sought:** Lead Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Kirby McInerney LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $125,000. Any fees and/or expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Quantum, if the Court approves Lead Counsel's fee and expense application, is $0.13 per eligible share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Ira M. Press, Esq. and Christopher Studebaker, Esq. of Kirby McInerney LLP, 250 Park Avenue, Suite 820, New York, NY 10177, (212) 371-6600.

4

7.  **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. The factors that Lead Plaintiff considered in agreeing to settle the litigation include, among other things, the following facts and risks:

      a.  Although Lead Plaintiff and Lead Counsel believe they would ultimately prevail on the claims, they recognize the significant risk that the operative complaint would be dismissed given the stringent requirements of the Private Securities Litigation Reform Act of 1995.

      b.  Even if the operative complaint survived Defendants' dismissal motions, Lead Plaintiff would have faced numerous hurdles including at the class certification stage, during completion of fact and expert discovery, at summary judgment, trial and in subsequent appeals.

      c.  Lead Plaintiff has determined that there are obstacles to establishing Defendants' liability and any damages.  These obstacles include, among other things:

            i.  that Lead Plaintiff may be unable to prove that any materially inaccurate statements Defendants made concerning improper revenue recognition, which artificially inflated Quantum's reported revenues and earnings, were made with the requisite state of mind to support the securities fraud claim alleged; and

           ii.  that the class proposed by Lead Plaintiff would not be certified, and/or that it might only be certified for part of the class period for which certification was sought.

Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

[END OF COVER PAGE]

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get The Postcard Notice? ........................................................................ Page [ ]
What Is This Case About? ........................................................................................ Page [ ]
How Do I Know If I Am Affected By The Settlement? Who Is Included
      In The Settlement Class? ..................................................................................... Page [ ]

5

What Are Lead Plaintiff's Reasons For The Settlement? ................................................ Page [ ]
What Might Happen If There Were No Settlement? ....................................................... Page [ ]
How Are Settlement Class Members Affected By The Action And
    The Settlement? ............................................................................................................ Page [ ]
How Do I Participate In The Settlement?  What Do I Need To Do? .............................. Page [ ]
How Much Will My Payment Be? ................................................................................... Page [ ]
What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? ................................................................................. Page [ ]
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? ........................................................................................... Page [ ]
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement? .......................................................................................... Page [ ]
What If I Bought Shares On Someone Else's Behalf? .................................................... Page [ ]
Can I See The Court File?  Whom Should I Contact If I Have Questions? ..................... Page [ ]

## WHY DID I GET THE POSTCARD NOTICE?

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Quantum common stock during the Settlement Class Period. The Court also directed that this Notice be posted online at www.quantumsecuritieslitigation.com and mailed to you upon request to the Claims Administrator. The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraph 68 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to

Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.  Quantum is a technology company providing data storage, archive and protection products and services.

12.  Two class action complaints were filed in the United States District Court for the Northern District of California, which by Order dated May 16, 2018 were consolidated and Lead Plaintiff and Lead Counsel were approved and appointed by the Court.

13.  On July 30, 2018, Lead Plaintiff filed a Consolidated Class Action Complaint ("CCAC") for Violations of the Federal Securities Laws asserting claims under (1) Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants; and (2) Section 20(a) of the Exchange Act against defendants Gacek and Ahmad (collectively, the "Individual Defendants").  Among other things, the CCAC alleged that during the Settlement Class Period, Quantum recognized revenue improperly, which artificially inflated Quantum's reported revenues and earnings, as well as the prices of Quantum publicly traded common stock.

14.  Quantum announced, in a Form 8-K filed with the U.S. Securities and Exchange Commission (the "SEC") on September 14, 2018 (the "September 14 8-K"), that its Board of Directors concluded that Quantum's previously-issued consolidated financial statements and other financial data for specific periods should no longer be relied upon because of misstatements and that Quantum would issue consequent adjustments to its financial statements and file restated financial statements as soon as practicable.  As a result of the September 14 8-K, Lead Plaintiff anticipated filing an Amended Consolidated Complaint once Quantum provided additional information regarding the misstatements, made consequent adjustments to its financial statements, and filed restated results (the "Restatement").

15.  On September 25, 2018, the Court entered an Order approving the Parties' stipulation and setting forth the time at which Lead Plaintiff would file its Amended Consolidated Complaint along with a briefing schedule for Defendants' motion(s) to dismiss the Amended Consolidated Complaint.

16.  Lead Plaintiff continued its investigation into the claims asserted and although the Parties believe in the merits of their respective positions, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action.  On February 20, 2019, the Parties participated in a mediation session before Robert Meyer, Esq., an experienced mediator. The Parties exchanged detailed mediation statements that addressed, among other things, issues related to liability and damages which were submitted to the mediator in advance of a full-day mediation session.  The session ended with a settlement proposal of $8.15 million that includes

7

confirmatory discovery, which both Parties accepted. Thereafter, all proceedings were stayed in the district court.

17. Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of the Settlement are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Based on the investigation and mediation of the case and Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

18. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing or liability, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Released Parties (defined in ¶ 30 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff or Plaintiffs' Released Parties of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

19. On _____ __, 20__, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

20. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all Persons[2] who purchased Quantum common stock during the period from April 18, 2016 through February 8, 2018, inclusive (the "Settlement Class Period"), and who were damaged thereby.

---

[2] "Person" or "Persons" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and

8

Excluded from the Settlement Class are: Defendants; the Officers and directors of Quantum at all relevant times, as well as members of their Immediate Families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any Persons who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [ ] below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.quantumsecuritieslitigation.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than _____ __, 201_.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
|---|

21.  Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue the claims against the remaining Defendants through trial and appeals, as well as the very substantial obstacles they would face in establishing liability and damages.  Defendants had numerous avenues of attack that could preclude a recovery as to those challenged statements. For example, they would assert that any materially inaccurate statements they made were not made with the requisite state of mind to support the securities fraud claim alleged. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Lead Plaintiff would have to prevail at several stages – motions for dismissal, summary judgment, trial, and even if it was to prevail at those phases, then Lead Plaintiff would also have to prevail on the appeals that would likely follow. Thus, Lead Plaintiff faced very significant risks attendant to the continued prosecution of the Action.

22.  In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class,

their spouses, heirs, predecessors, successors, representatives, or assigns.

9

Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III)
Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses
Case No. 3:18-cv-00923-RS

namely $8,150,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial and appeals, possibly years in the future.

23. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement is not and may not be construed as an admission of any wrongdoing, fault, or liability on the part of the Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

24. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of his claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at the dismissal stage, summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

25. As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

26. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page __below.

27. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

28. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with

10

prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 29 below) against the Defendants and the Defendants' Released Parties (as defined in ¶ 30 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Released Parties.

29. "Released Plaintiffs' Claims" means all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in this Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, practices, SEC filings, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in this Action and that relate to the purchase of Quantum common stock during the Settlement Class Period including but not limited to the Restatement and the SEC Inquiry (as defined in ¶ 33 below). Released Plaintiffs' Claims do not include: (i) claims to enforce the Settlement; or (ii) claims of any Person that submits a request for exclusion that is accepted by the Court.

30. "Defendants' Released Parties" means Defendants, their present and former parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, employees, agents, and any of their advisors, counsel, underwriters, insurers, co-insurers, reinsurers, accountants, auditors, representatives, controlling persons, administrators, estates, spouses, heirs, joint ventures, general or limited partners or partnerships, limited liability companies and any trust of which any Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's Immediate Family, and any entity in which a Defendant has a controlling interest (directly or indirectly) (and the predecessors, successors, administrators and assigns of each of the foregoing).

31. "Unknown Claims" means any Released Plaintiffs' Claims that any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Defendants' Released Parties, and any Released Defendants' Claims that any Defendant or any other Defendants' Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs' Released Parties, and that, if known by him, her or it, would have materially affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by or under California Civil Code

11

§1542, or any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiff, the other Settlement Class Members, the other Plaintiffs' Released Parties, the Defendants, or the other Defendants' Released Parties may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and the Defendants shall expressly, fully, finally and forever settle and release, and each other Settlement Class Member and each other of Plaintiffs' Released Parties and Defendants' Released Parties shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and each of the other Plaintiffs' Released Parties and Defendants' Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

32. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 33 below) against Lead Plaintiff and the other Plaintiffs' Released Parties (as defined in ¶ 34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Released Parties.

33. "Released Defendants' Claims" means all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law or regulation, that arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action insofar as it concerns the purchase, other acquisition, sale, or other disposition of Quantum common stock during the Settlement Class Period, and/or the acts, facts, practices, SEC filings, statements, or omissions that were or could have been alleged or asserted by Plaintiffs or any member of the Settlement Class in the Action or in any other action in any court or forum, including but not limited to the Restatement and the SEC subpoena to Quantum, disclosed in Quantum's press release of February 8, 2018, relating

12

to Quantum's financial reporting (the "SEC Inquiry"). Released Defendants' Claims do not include: (i) claims to enforce the Settlement; (ii) claims by Quantum, any of its current or former directors, officers, employees, or any other Person for coverage under an insurance policy against the insurer(s) under such policy; (iii) claims by any current or former directors, officers, or employees of Quantum to enforce any rights to indemnification and advancement by Quantum; or (iv) claims of any Person that submits a request for exclusion that is accepted by the Court.

34.  "Plaintiffs' Released Parties" means Lead Plaintiff, its respective attorneys, each and every Settlement Class Member, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, heirs, successors, predecessors, executors, administrators, assigns, assignees, employees, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

35.  To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____ __, 201_**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.quantumsecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-905-8124. Please retain all records of your ownership of and transactions in Quantum common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

36.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.  Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid eight million one hundred and fifty thousand dollars ($8,150,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

13

38.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

39.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

40.  Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

41.  Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____ __, 201_ shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 29 above) against the Defendants' Released Parties (as defined in ¶ 30 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Released Parties whether or not such Settlement Class Member submits a Claim Form.

42.  Participants in, and beneficiaries of, a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Quantum common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Quantum common stock during the Settlement Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

43.  The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

45.  Only Settlement Class Members, *i.e.*, persons and entities who purchased Quantum common stock during the Settlement Class Period and were damaged as a result of such purchases will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves

14

from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

46. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged violations of the federal securities laws, as opposed to losses caused by market, industry, or company-specific factors or factors unrelated to the alleged violations of law. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

47. The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period in which Lead Plaintiff alleges corrective information was entering the market place. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts between April 18, 2016 through and including February 8, 2018, which had the effect of artificially inflating the price of Quantum common stock.

48. In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of Quantum common stock. Lead Plaintiff alleges, among other things, that artificial inflation was removed from the price of Quantum common stock as a result of the alleged corrective disclosures that occurred on August 9, 2017 and February 8, 2018.[3]

49. To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her, or its Recognized Loss Amount for those transactions will be zero.

---

[3] Any transactions in Quantum common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

15

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

50.  Based on the formulas set forth below, a "Recognized Loss Amount" shall be calculated for each purchase of Quantum common stock that was publicly traded on the NYSE during the Settlement Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided. In the calculations below, if a Recognized Loss Amount calculates to a negative number or zero, that Recognized Loss Amount shall be zero.

51.  For all Quantum common stock that were purchased during the period from April 8, 2016 through and including August 9, 2017, that were:

    a.  sold prior to August 10, 2017, the Recognized Loss is $0;

    b.  sold during the period from August 10, 2017 through February 7, 2018, the Recognized Loss shall be equal to: (a) the lesser of the purchase price and $7.41, minus (b) the greater of the sale price and $5.38; and

    c.  still held on February 8, 2018, the Recognized Loss shall be equal to: (a) the lesser of the purchase price and $7.41, minus (b) the greater of the sale price and $3.90.

52.  For all Quantum common stock that were purchased during the period from August 10, 2017 through February 8, 2018, that were:

    a.  sold prior to February 8, 2018, the Recognized Loss shall be $0; and

    b.  still held on February 8, 2018, the Recognized Loss shall be equal to: (a) the lesser of the purchase price and $5.57, minus (b) the greater of the sale price and $3.90.[4]

---

[4] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Quantum common stock during the 90-day look-back period. The mean (average) closing price for Quantum common stock during this 90-day look-back period was $3.87.

16

## **ADDITIONAL PROVISIONS**

53. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 56 below) is $10.00 or greater.

54. To the extent an Authorized Claimant had an aggregate gain from his, her or its transactions in Quantum common stock during the Settlement Class Period, the value of his, her or its total Recognized Loss will be zero. Such Authorized Claimant shall in any event be bound by the Settlement. To the extent that an Authorized Claimant suffered an overall loss on his, her or its transactions in Quantum common stock during the Settlement Class Period, but the loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the actual loss. Purchases that were made in order to cover short sales are ineligible and will not be included in the Recognized Loss calculation; however, any aggregate gains with respect to short sales shall be offset against the Recognized Loss on other transactions. All purchases and sales of Quantum common stock during the Settlement Class Period shall be matched on a Last-In-First-Out ("LIFO") basis.

55. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts for all of the Quantum common stocks.

56. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

57. Purchases and sales of Quantum common stock that was publicly traded on the NYSE shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. However, for Quantum common stock that were put to investors pursuant to put options sold by those investors, the purchase of Quantum common stock shall be deemed to have occurred on the date that the put option was sold, rather than the date on which the Quantum common stock was subsequently put to the investor pursuant to that option. The proceeds of any put option sales shall be offset against any losses from Quantum common stock purchased during the Settlement Class Period though the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Claim arising from such transaction shall be computed as provided for other purchases of Quantum common stock as set forth herein.

58. The receipt or grant by gift, devise or inheritance of Quantum common stock during the Settlement Class Period shall not be deemed to be a purchase of Quantum common stock for the calculation of an Authorized Claimant's Recognized Loss if the Person from which the Quantum

17

common stock was received did not themselves acquire the common stock during the Settlement Class Period, nor shall it be deemed an assignment of any claim relating to the purchase of such Quantum common stock unless specifically provided in the instrument or gift or assignment.

59.  After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to Investor Protection Trust, to be recommended by Lead Counsel and approved by the Court.

60.  Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants and their respective counsel, and all other Defendants' Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

61.  The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.quantumsecuritieslitigation.com.

| | |
|---|---|
| 1 | |
| 2 | **WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?** |

3    62.  Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for Lead Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $125,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

63.  Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to Quantum Securities Litigation, Case No. 3:18-cv-00923-RS, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The exclusion request must be ***received*** no later than _____ ___, 201_. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Lazan, et al., v. Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS"; (c) identify and state the number of Quantum common stock that the person or entity requesting exclusion purchased and/or sold during the Settlement Class Period (*i.e.*, between April 18, 2016 and February 8, 2018, inclusive), as well as the dates and prices of each such purchase and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

64.  If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Released Parties.

65.  If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

66. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

67. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

68. The Settlement Hearing will be held on _____ __, 201_ at __:__ _.m., before the Honorable Richard Seeborg at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

69. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.

70. The Court can only approve or deny the settlement, not change its terms. You can ask the Court to deny approval by filing an objection.

71. Objections must be in writing to the Court. You must file any written objection, together with copies of all other papers and briefs supporting the objection, either (a) in person at any location of the United States District Court for the Northern District of California; or (b) by mail, to the Class Action Clerk's Office at the United States District Court for the Northern District of California at the address set forth below on or before _____ ___, 201_.

**<u>Clerk's Office</u>**
Class Action Clerk
United States District Court
for the Northern District of California
San Francisco Division
Phillip Burton Federal Building & United States Courthouse
450 Golden Gate Avenue
San Francisco, California 94102

20

72.  Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) clearly identify the case name and number (*Lazan, et al., v. Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS); (c) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of Quantum common stock that the objecting Settlement Class Member purchased and/or sold during the Settlement Class Period (*i.e.*, between April 18, 2016 and February 8, 2018, inclusive), as well as the dates and prices of each such purchase and sale. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

73.  You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

74.  If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office at the addresses set forth above so that it is ***received*** **on or before _____ __, 201_**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

75.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court at the address set forth in ¶ 71 above so that the notice is ***received*** **on or before _____ __, 201_**.

76.  The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

77.  **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and**

21

**reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

78.  If you purchased Quantum common stock between April 18, 2016 and February 8, 2018, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to Quantum Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173071, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.70 per notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.quantumsecuritieslitigation.com, or by calling the Claims Administrator toll-free at 1-866-905-8124.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

79.   This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.quantumsecuritieslitigation.com, by contacting Lead Counsel at (212) 371-6600 or, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the Office of the Clerk, United States District Court for the Northern District of California, San Francisco Division, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. The Settlement Agreement and other relevant documents also are available on the Settlement website, at www.quantumsecuritieslitigation.com.

All inquiries concerning the Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| Quantum Securities Litigation | and | Ira M. Press, Esq. |
|---|---|---|
| Case No. 3:18-cv-00923-RS | /or | Christopher Studebaker, Esq. |
| c/o A.B. Data, Ltd. | | KIRBY McINERNEY LLP |
| P.O. Box 173071 | | 250 Park Avenue, Suite 820 |

22

Milwaukee, WI 53217                New York, NY 10177
Telephone: 1-866-905-8124              (212) 371-6600
www.quantumsecuritieslitigation.com
info@quantumsecuritieslitigation.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____ ___, 201_          **By Order of the Court**
                                            **United States District Court**
                                            **Northern District of California**

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A-2**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| STEVEN LAZAN, | Case No.  3:18-cv-00923-RS |
| Plaintiff, | Hon. Richard Seeborg |
| v. | Class Action |
| QUANTUM CORPORATION, *et. al.*, | |
| Defendants. | |
| ALEXANDER E. NABHAN, | |
| Plaintiff, | |
| v. | |
| QUANTUM CORP., *et al.*, | |
| Defendants. | |

**PROOF OF CLAIM AND RELEASE FORM**

To be eligible to receive a share of the Net Settlement Fund in connection with the

Settlement of this Action, you must complete and sign this Proof of Claim and Release Form

("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than**

**_____ __, 201_**.

Failure to submit your Claim Form by the date specified will subject your claim to

rejection and may preclude you from being eligible to receive any money in connection with the

Settlement.

1

Proof of Claim and Release
Case No. 3:18-cv-00923-RS

1       Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their

2  counsel. Submit your Claim Form only to the Claims Administrator at the address set forth

3  below:

Quantum Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173071
Milwaukee, WI 53217
Toll-Free Number: 1-866-905-8124
Email: info@quantumsecuritieslitigation.com
Settlement Website: www.quantumsecuritieslitigation.com

**TABLE OF CONTENTS**             **PAGE #**

**PART I – CLAIMANT INFORMATION**       **X**

**PART II – GENERAL INSTRUCTIONS**       **X**

**PART III – SCHEDULE OF TRANSACTIONS IN QUANTUM
         COMMON STOCK**       **X**

**PART IV – RELEASE OF CLAIMS AND SIGNATURE**       **X**

Proof of Claim and Release
Case No. 3:18-cv-00923-RS

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:          Zip Code:          Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:          Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

3

Proof of Claim and Release
Case No. 3:18-cv-00923-RS

**PART II – GENERAL INSTRUCTIONS**

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page __ of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Quantum common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, and sales of Quantum common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Quantum common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Settling Parties, Quantum, and the Claims Administrator do not independently have information about your investments in Quantum common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

6.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5

7.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. If you purchased Quantum common stock during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased Quantum common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

8.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

     a.  expressly state the capacity in which they are acting;

     b.  identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Quantum common stock; and

     c.  furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

9.      By submitting a signed Claim Form, you will be swearing that you:

     a.  own(ed) the Quantum common stock you have listed in the Claim Form; or

     b.  are expressly authorized to act on behalf of the owner thereof.

10.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false

6

statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

11.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

12.    **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

13.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@quantumsecuritieslitigation.com, or by toll-free phone at 1-866-905-8124, or you can visit the Settlement website, www.quantumsecuritieslitigation.com, where copies of the Claim Form and Notice are available for downloading.

14.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.quantumsecuritieslitigation.com or you may email the Claims Administrator's electronic filing department at info@quantumsecuritieslitigation.com.  Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the**

7

electronic filing department at info@quantumsecuritieslitigation.com to inquire about your file and confirm it was received and acceptable.

### <u>IMPORTANT: PLEASE NOTE</u>

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-866-905-8124.**

8

**PART III – SCHEDULE OF TRANSACTIONS IN QUANTUM COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 5, above. Do not include information regarding securities other than Quantum common stock.

| 1. HOLDINGS AS OF APRIL 18, 2016 – State the total number of shares of Quantum common stock held as of the opening of trading on April 18, 2016.  (Must be documented.)  If none, write "zero" or "0."  _____ | Confirm Proof of Position Enclosed |
|---|---|

**2. PURCHASES FROM APRIL 18, 2016 THROUGH MAY 9, 2018** – Separately list each and every purchase of Quantum common stock from after the opening of trading on April 18, 2016 through and including the close of trading on May 9, 2018, inclusive[2] (excluding short sales). (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Identify if shares acquired pursuant to: (1) sale of put options; (2) employee shares; (3) cover of short position; or (4) exercise of call option during Settlement Class Period[3] |
|---|---|---|---|---|
| /    / | | $ | $ | |
| /    / | | $ | $ | |
| /    / | | $ | $ | |
| /    / | | $ | $ | |

---

[2] Information requested with respect to your purchases of Quantum common stock from after the opening of trading on February 9, 2018 through and including the close of trading on May 9, 2018 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

[3] If you indicate that the purchase or sale was the result of the exercise or assignment of an options contract, you must provide documentation to support both the options purchase or sale and the exercise or assignment to purchase common stock.

9

| 3. SALES FROM APRIL 18, 2016 THROUGH MAY 9, 2018 – Separately list each and every sale/disposition of Quantum common stock from after the opening of trading on April 18, 2016 through and including the close of trading on May 9, 2018. (Must be documented.) | | | | IF NONE, CHECK HERE |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Shares Sold Short (Y/N) |
| /    / | | $ | $ | |
| /    / | | $ | $ | |
| /    / | | $ | $ | |
| /    / | | $ | $ | |
| **4. HOLDINGS AS OF MAY 9, 2018 –** State the total number of shares of Quantum common stock held as of the close of trading on May 10, 2018. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

10

**PART IV – RELEASE OF CLAIMS AND SIGNATURE**

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN**

**ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Defendants and the other Defendants' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Released Parties.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the Quantum common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Released Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

11

5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of Quantum common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                    Date

_____
Print your name here

12

Proof of Claim and Release
Case No. 3:18-cv-00923-RS

_____

Signature of joint claimant, if any                                    Date

_____

Print your name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of claimant                      Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see paragraph 8 on page __ of this Claim Form.)

## **<u>REMINDER CHECKLIST</u>**

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-866-905-8124.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

13

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@quantumsecuritieslitigation.com, or by toll-free phone at 1-866-905-8124, or you may visit www.quantumsecuritieslitigation.com. Please DO NOT call Quantum or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____ __, 201_**, ADDRESSED AS FOLLOWS:

Quantum Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173071
Milwaukee, WI 53217
Telephone: 1-866-905-8124
www.quantumsecuritieslitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ __, 201_ is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

14

Proof of Claim and Release
Case No. 3:18-cv-00923-RS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A-3**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

STEVEN LAZAN,

                      Plaintiff,

v.

QUANTUM CORPORATION, *et. al.*,

                      Defendants.

ALEXANDER E. NABHAN,

                      Plaintiff,

v.

QUANTUM CORP., *et al.*,

                      Defendants.

Case No.  3:18-cv-00923-RS

Hon. Richard Seeborg

Class Action

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED
SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
<u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

**TO:    All Persons who purchased Quantum Corporation ("Quantum") common stock
during the period from April 18, 2016 through February 8, 2018, inclusive, and who were
damaged thereby (collectively, the "Settlement Class")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER
SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL
BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

1

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $8,150,000 in cash (the "Settlement"), that, if approved, will resolve all claims, both known and unknown, in the Action.

A hearing will be held on _____ __, 201_ at __:__ _.m., before the Honorable Richard Seeborg at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine, among others: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation of Settlement dated June 28, 2019 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.quantumsecuritieslitigation.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at Quantum Securities Litigation, Case No. 3:18-

2

cv-00923-RS, c/o A.B. Data, Ltd., P.O. Box 173071, Milwaukee, WI 53217, or by calling toll free at 1-866-905-8124.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____ __, 201_. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____ __, 201_, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court such that they are *received* no later than _____ __, 201_, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Quantum, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIRBY McINERNEY LLP
Ira M. Press, Esq.
Christopher Studebaker, Esq.
250 Park Avenue, Suite 820
New York, NY 10177
Tel: (212) 371-6600

Requests for the Notice and Claim Form should be made to:

Quantum Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173071
Milwaukee, WI 53217
Telephone: 1-866-905-8124
www.quantumsecuritieslitigation.com

DATED: _____ ___, 201_    BY ORDER OF THE DISTRICT COURT
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
CALIFORNIA

4

**EXHIBIT A-4**

| | |
|---|---|
| Important Legal Notice authorized by the United States District Court for the Northern District of California about a Securities Class Action Settlement.<br><br>**If you purchased common stock of Quantum Corporation ("Quantum") during the period from April 18, 2016 through February 8, 2018, inclusive, you may be entitled to a payment from a proposed class action settlement.**<br><br>*You may be entitled to a CASH payment.*<br><br>THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.<br>PLEASE READ IT CAREFULLY. | [Postage Prepaid]<br><br>***Court-Ordered Legal Notice***<br><br>Quantum Securities Litigation<br>c/o A.B. Data, Ltd.<br>P.O. Box 173071<br>Milwaukee, WI 53217<br><br><br>[Name]<br>[Address]<br>[City], [State] [Zip]<br>[Country] |

1

Postcard Notice
Case No. 3:18-cv-00923-RS

***Lazan, et al. v. Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS (N.D. Cal.)**
*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.QUANTUMSECURITIESLITIGATION.COM FOR MORE*
*INFORMATION.*

There has been a proposed Settlement of claims against Quantum Corporation ("Quantum") and certain executives of Quantum (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Lead Plaintiff alleges that Defendants violated the federal securities laws as a result of improper revenue recognition that artificially inflated Quantum's reported revenues and earnings. Defendants deny any liability or wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased Quantum's common stock, which was publicly traded on the New York Stock Exchange, between April 18, 2016 through February 8, 2018, inclusive (the "Settlement Class Period"), and been damaged thereby.

Defendants have agreed to pay a Settlement Amount of $8,150,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.quantumsecuritieslitigation.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your Settlement Class Period transactions in Quantum common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.48 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.quantumsecuritieslitigation.com or will be mailed to you upon request to the Claims Administrator by calling toll-free 1-866-905-8124. **Claim Forms must be postmarked by _____ __, 201_**. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____ __, 201_, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____ __, 201_. The Notice posted at www.quantumsecuritieslitigation.com explains how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions stated therein.

The Court will hold a hearing in this case on _____ __, 201_, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 25% of the Settlement Fund in attorneys' fees, plus actual expenses for litigating the case and negotiating the Settlement (which equals a cost of $0.13 per affected share). You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free 1-866-905-8124 or visit the website www.quantumsecuritieslitigation.com and read the detailed Notice.

1

| | |
|---|---|
| 1 | Robert V. Prongay (#270796) |
| 2 | Lionel Z. Glancy (#134180)<br>Lesley F. Portnoy (#304851) |
| 3 | GLANCY PRONGAY & MURRAY LLP<br>1925 Century Park East, Suite 2100 |
| 4 | Los Angeles, California 90067<br>Telephone: (310) 201-9150 |
| 5 | Facsimile: (310) 432-1495<br>rprongay@glancylaw.com |
| 6 | lportnoy@glancylaw.com |

**EXHIBIT B**

1  Robert V. Prongay (#270796)
2  Lionel Z. Glancy (#134180)
   Lesley F. Portnoy (#304851)
3  GLANCY PRONGAY & MURRAY LLP
   1925 Century Park East, Suite 2100
4  Los Angeles, California 90067
   Telephone: (310) 201-9150
5  Facsimile: (310) 432-1495
   rprongay@glancylaw.com
6  lportnoy@glancylaw.com

7  *Liaison Counsel for Lead Plaintiff Globis Capital Advisors L.L.C.*
   *and the Proposed Plaintiff Class*
8
   [Additional Counsel on Signature Page]
9

10  **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF CALIFORNIA**

11

12  STEVEN LAZAN,                                     Case No.  3:18-cv-00923-RS

13                                                    Hon. Richard Seeborg
                    Plaintiff,
14
    v.
15                                                    **[PROPOSED] JUDGMENT AND**
                                                      **ORDER GRANTING FINAL**
16                                                    **APPROVAL OF CLASS ACTION**
    QUANTUM CORPORATION, *et. al.*,                   **SETTLEMENT**
17
                    Defendants.
18

19  ALEXANDER E. NABHAN,

20                  Plaintiff,

21  v.

22  QUANTUM CORP., *et al.*,

23                  Defendants.

24

25

26

27

28                                          1

WHEREAS, a consolidated class action is pending in this Court entitled *Lazan, et al. v. Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS (the "Action");

WHEREAS, (a) Lead Plaintiff Globis Capital Advisors L.L.C., on behalf of itself and the putative Settlement Class (defined below), and (b) Defendants Quantum Corporation ("Quantum"), Jon W. Gacek ("Gacek"), and Fuad Ahmad ("Ahmad") (collectively, "Settling Defendants"; and, together with Lead Plaintiff, the "Parties"), have entered into a Stipulation of Settlement dated June 28, 2019 (the "Stipulation") that provides for the complete dismissal with prejudice of the claims, both known and unknown, that have been or could have been asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 201__ (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 201_ (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments

2

received regarding the Settlement, and the record in the Action, and good cause appearing

therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____ __, 2019; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on _____ __, 2019.

3.     **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure of behalf of the Settlement Class consisting of all Persons[1] who purchased Quantum common stock during the period from April 18, 2016 through February 8, 2018, inclusive (the "Settlement Class Period"), and who were damaged thereby.  Excluded from the Settlement Class are: Defendants; the Officers and directors of Quantum at all relevant times, as well as members of their Immediate Families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. [Also excluded from the Settlement Class are the Persons listed hereto who or which are excluded from the Settlement Class pursuant to request.]

4.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its

---

[1] "Person" or "Persons" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

3

1     determinations in the Preliminary Approval Order certifying Lead Plaintiff as the Class

2     Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the

3     Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the

4     Settlement Class both in terms of litigating the Action and for purposes of entering into and

5     implementing the Settlement and have satisfied the requirements of Federal Rules of Civil

6     Procedure 23(a)(4) and 23(g), respectively.

7            5.    **Notice** – The Court finds that the dissemination of the Postcard Notice, the online

8     posting of the Notice, and the publication of the Summary Notice complied with the

9     requirements of the Federal Rules of Civil Procedure, satisfied the requirements of due process,

10     as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78-

11     u4(a)(7), and constituted due and sufficient notice of the matters set forth herein. The Court

12     finds that a full opportunity has been afforded to Class Members to object to the Settlement

13     and/or to participate in the Settlement Hearing.  Furthermore, the Court hereby affirms that due

14     and sufficient notice has been given to the appropriate State and Federal officials pursuant to the

15     Class Action Fairness Act, 28 U.S.C § 1715.

16            a.      Pursuant to, and in full compliance with, the Federal Rules of Civil

17     Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all

18     Persons who are Settlement Class Members advising them of the Plan of Allocation and of their

19     right to object thereto, and a full and fair opportunity was accorded to all Persons and entities

20     who are Class Members to be heard with respect to the Plan of Allocation.

21            b.      The Court hereby finds and concludes that the formula for the calculation

22     of the claims of Authorized Claimants, as set forth in the Notice, provides a fair and reasonable

23     basis upon which to allocate the net proceeds of the Settlement among Class Members, with due

24     consideration having been given to administrative convenience and necessity.

25            6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in

26     accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and

27     finally approves the Settlement set forth in the Stipulation in all respects (including, without

28                                              4

limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.    **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a.    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and all other Plaintiffs' Released Parties, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released

5

Plaintiffs' Claims against any of the Defendants' Released Parties. This release shall not apply to any Excluded Claims (as that term is defined in paragraph 1(p) of the Stipulation).

b.     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and all other Defendants' Released Parties, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claims against Lead Plaintiff and the other Plaintiffs' Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Released Parties. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.     Notwithstanding paragraphs 9(a)–(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.     shall be offered against any of the Defendants' Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or any other of Plaintiffs' Released Parties, or the validity of any claim

6

that was or could have been asserted against any of the Defendants' Released Parties, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind with respect to any of the Defendants' Released Parties, or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.      shall be offered against any of the Plaintiffs' Released Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties that any of their claims are without merit, that any of the Defendants' Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.      shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Released Parties and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the

7

Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14. **Plan of Allocation** – This Court hereby approves the Plan of Allocation as set forth in the Notice as fair and equitable, and overrules all objections to the Plan of Allocation, if any, in their entirety. The Court directs Lead Plaintiff's Counsel and the Claims Administrator to proceed with the processing of Claim Forms and the administration of the settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Settlement Class Members, as provided in the Stipulation and Plan of Allocation.

15. **Lead Counsel's Attorneys' Fees and Reimbursement of Litigation Expenses** - This Court hereby awards Lead Plaintiff's Counsel attorneys' fees equal to ___% of the Settlement Fund and reimbursement of their out-of- pocket expenses in the amount of $_____, with interest to accrue on all such amounts at the same rate and for the same periods as accrued by the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Lead Plaintiff's Counsel as provided in the Stipulation. The foregoing amounts shall be paid to Lead Plaintiff's Counsel from the Settlement Fund pursuant to the terms, conditions and obligations of the Stipulation. Lead Plaintiff's Counsel may make payments of fees and expenses to counsel for other plaintiffs as Lead Plaintiff's Counsel deems appropriate based on their relative contribution to the prosecution and resolution of the Action. Neither the Plan of Allocation submitted by Lead Plaintiffs' Counsel nor the portion of this Judgment regarding the attorneys' fee and litigation expenses application including any modification or change in the award of attorneys' fees and litigation expenses that may hereafter be approved, shall in any way disturb or affect this Judgment or the Releases provided hereunder and shall be considered separate from this Judgment.

8

16.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of February 20, 2019, as provided in the Stipulation.

18.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 201_.

_____
The Honorable Richard Seeborg
United States District Judge

9

**Exhibit 1**

[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]

10