Robert V. Prongay (#270796)
Lionel Z. Glancy (#134180)
Lesley F. Portnoy (#304851)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 432-1495
rprongay@glancylaw.com
lportnoy@glancylaw.com

*Liaison Counsel for Lead Plaintiff Globis Capital Advisors L.L.C. and the Proposed Plaintiff Class*

[Additional Counsel on Signature Page]

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LAZAN, <br><br> Plaintiff, <br><br> v. <br><br> QUANTUM CORPORATION, *et. al.*, <br><br> Defendants. | Case No. 3:18-cv-00923-RS <br><br> Hon. Richard Seeborg <br><br> **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| ALEXANDER E. NABHAN, <br><br> Plaintiff, <br><br> v. <br><br> QUANTUM CORP., *et al.*, <br><br> Defendants. | |

1

[Proposed] Order Preliminarily Approving Settlement and Providing for Notice
Case No. 3:18-cv-00923-RS

WHEREAS, a consolidated class action is pending in this Court entitled *Lazan, et al. v. Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS (the "Action");

WHEREAS, (a) Lead Plaintiff Globis Capital Advisors L.L.C., on behalf of itself and the putative Settlement Class (defined below), and (b) Defendants Quantum Corporation ("Quantum"), Jon W. Gacek ("Gacek"), and Fuad Ahmad ("Ahmad") (collectively, "Settling Defendants"; and, together with Lead Plaintiff, the "Parties"), have determined to settle all claims asserted or that could have been asserted against Settling Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation of Settlement dated June 28, 2019 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein; and

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's unopposed motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The terms of the Stipulation are hereby preliminarily approved, subject to further consideration at the Settlement Hearing provided for below.

2. Capitalized terms used in this Order that are not otherwise defined herein have the meanings assigned to them in the Stipulation. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the dissemination of mailed notice to Class Members, as provided for in this Order.

3. The Court hereby stays the Action pending in this Court and enjoins the initiation of any new litigation by any Settlement Class Member in any court, arbitration or other tribunal that includes any Released Claims (as defined in the Stipulation) against any of the Released Parties.

4. **Class Certification for Settlement Purposes** - Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all Persons[1] who purchased Quantum common stock during the period from April 18, 2016 through February 8, 2018, inclusive (the "Settlement Class Period"), and who were damaged thereby.  Excluded from the Settlement Class are: Defendants; the Officers and directors of Quantum at all relevant times, as well as members of their Immediate Families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any Persons who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

5. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

6. The Court hereby finds and concludes that, pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, Lead Plaintiff is an adequate class representative and certifies it as Class Representative for the Settlement Class.

---

[1] "Person" or "Persons" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7.  **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

8.  **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on November 14, 2019 at 1:30 p.m. [at least 105 days from the date of this Preliminary Approval Order] in Courtroom 3, 17th Floor, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 12 of this Order.

9.  The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

10. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise

and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.

11. The Court approves the use and disbursement of up to $250,000 from the Settlement Fund to pay the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Claims Administrator in connection with the administration and notice of the Settlement, including the costs of providing notice as specified in this Order. The Court authorizes payment out of the Settlement Fund of all taxes and tax expenses described in section I.F of the Stipulation.

12. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

   a. not later than five (5) business days after entry of this Order (*i.e.,* by August 2, 2019), Quantum shall provide or cause to be provided to Lead Counsel or the Claims Administrator in electronic, searchable format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list of Quantum's shareholders of record during the Settlement Class Period;

   b. not later than fifteen (15) calendar days following receipt of the transfer records report pursuant to paragraph 12(a) above (the "Notice Date") (*i.e.,* by August 17, 2019), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Quantum or in the records which Quantum caused to be provided, or who otherwise may be identified through further reasonable effort;

   c. not later than five (5) business days after receipt of a request for a copy of the Notice, the Claims Administrator or Lead Plaintiff's Counsel shall cause a copy of the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail, postage prepaid, or emailed to any putative Settlement Class Members that make such a request;

5

    d.  contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

    e.  not later than ten (10) business days after the Notice Date (*i.e.,* by August 30, 2019), the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the PR Newswire; and

    f.  not later than seven (7) calendar days prior to the Settlement Hearing (*i.e.,* by November 7, 2019), Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

  13. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 12 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other

applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

14. **Nominee Procedures** – Brokers and other nominees who purchased Quantum common stock during the Settlement Class Period for the benefit of another Person shall (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in complying with this Order, up to a maximum of $0.70 per notice mailed or $.10 per name and address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

15. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a valid Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be delivered or postmarked no later than one hundred twenty (120) calendar days after the Notice Date (*i.e.,* by December 16, 2019).[2] Notwithstanding the foregoing, Lead Counsel may, at its discretion, advise

---

[2] One-hundred and twenty calendar days after the Notice Date (August 17, 2019) is Sunday,

7

the Claims Administrator to accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

16. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the Person executing the Claim Form is acting in a representative capacity, a certification of that Person's current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

17. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Released Parties, as more fully described in the Stipulation and

---

December 15, 2019 so the next business day is Monday, December 16, 2019.

Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 15 above.

18.     **Request for Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing (*i.e.,* by October 24, 2019), to: Quantum Securities Litigation, Case No. 3:18-cv-00923-RS, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217 and (b) each request for exclusion must (i) state the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such Person "requests exclusion from the Settlement Class in *Lazan, et al. v. Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS"; (iii) state the number of Quantum common stock shares that the Person requesting exclusion purchased and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase and sale; and (iv) be signed by the Person requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

19.     Any Person who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

20.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings,

determinations, orders, and judgments in the Action, including, but not limited to, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Released Parties, as more fully described in the Stipulation and Notice.

21. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court a notice of appearance such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing (*i.e.,* by October 24, 2019), or as the Court may otherwise direct. Any Settlement Class Member who does not request exclusion from the Settlement Class and does not enter an appearance will be represented by Lead Counsel.

22. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Person has filed a written objection with the Court such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing (*i.e.,* by October 24, 2019).

23. Any objections, filings, and other submissions by a Settlement Class Member in accordance with paragraph 21 must: (a) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (b) clearly identify the case name and

10

number (*Lazan, et al. v. Quantum Corp., et al.*, Case No. 3:18-cv-00923-RS); (c) provide a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) provide documents sufficient to prove membership in the Settlement Class, including the number of Quantum common stock shares that the objecting Settlement Class Member purchased and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase and/or sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

24. Any Settlement Class Member who neither requests exclusion from the Settlement Class nor makes his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

25. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

26. **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

11

27. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

28. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 20, 2019, as provided in the Stipulation.

29. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto, and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or any other of Plaintiffs' Released Parties, or the validity of any claim that was or could have been asserted against any of the Defendants' Released Parties, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind with respect to any of the Defendants' Released Parties, or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be

12

offered against any of the Plaintiffs' Released Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties that any of their claims are without merit, that any of the Defendants' Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

30. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing (*i.e.,* by October 10, 2019); and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing (*i.e.,* by November 7, 2019).

31. **CAFA Notice** – Defendants shall file the notices described by the Class Action Fairness Act, 28 U.S.C. § 1715, within the time periods set forth in that statute.

32. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed by the Settling Parties, if appropriate, without further notice to the Class.

SO ORDERED this 26th day of July, 2019.

13

_____
The Honorable Richard Seeborg
United States District Judge